*104 McGee Brown, J.
{¶ 1} We are asked to resolve a certified conflict between the Fifth and Second District Courts of Appeals on whether res judicata bars a criminal defendant from arguing that his plea is void due to an earlier postrelease-control sentencing error when the defendant has entered a plea of guilty to escape. We hold that if a trial court improperly sentences a defendant to a term of postrelease control and the defendant subsequently pleads guilty to violating the terms of that postrelease control, the defendant is not barred by principles of res judicata from collaterally attacking his conviction as void.
I. Factual and Procedural Background
{¶ 2} In 1998, appellant, Donald Jack Billiter III, also known as Billeter III, pled guilty to charges of aggravated burglary and domestic violence, felonies of the first and fifth degrees respectively, and was sentenced to three years in prison. The trial court’s sentencing entry imposed a mandatory term of post-release control of “up to a maximum of three (3) years.” In fact, however, R.C. 2967.28(B) requires five years of postrelease control for a first-degree felony, not up to three years. Billiter did not appeal his conviction and sentence.
{¶ 3} On May 20, 2001, Billiter was released from prison and was put under the supervision of the Adult Parole Authority for his postrelease control. Billiter complied with the terms of postrelease control until March 2004, less than three years after his release. Billiter was indicted on a charge of escape, in violation of R.C. 2921.34, a second-degree felony, and pled guilty the next month. In June 2004, the trial court sentenced Billiter to three years of community control. Billiter did not appeal.
{¶ 4} Almost immediately, Billiter violated the terms and conditions of his community-control sanctions. On August 26, 2004, the trial court revoked his probation and sentenced him to six years’ imprisonment for escape. Billiter did not appeal this judgment.
{¶ 5} In July 2008, Billiter filed a pro se motion from prison asking the court to vacate his conviction and order his release. Citing our recent precedent, he alleged that because the postrelease-control portion of his 1998 sentence was contrary to law — up to three years instead of the mandatory five — it was void. Because this part of the sentence was void, he continued, he is innocent of the charge of escape. The trial court denied his motion, and Billiter appealed. The Fifth District Court of Appeals affirmed the denial and held that based on a habeas corpus case, Watkins v. Collins, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, the trial court’s incorrect sentence had nevertheless given Billiter proper notice that he was subject to postrelease control, and so the sentence was not void. Consequently, res judicata applies to his conviction for escape. State v. *105 Billeter, 5th Dist. No. 2008 CA 00198, 2009-Ohio-2709, 2009 WL 1629721, ¶ 13, 21. Billiter did not appeal to this court for discretionary jurisdiction. Shortly thereafter, we issued State v. Bloomer, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, which held, “[I]n the absence of a proper sentencing entry imposing postrelease control, the parole board’s imposition of postrelease control cannot be enforced.” Id. at ¶ 70. Billiter did not file a motion for reconsideration of the Fifth District’s decision.
{¶ 6} In 2010, 12 years after his original sentence was imposed, Billiter, through counsel, moved to withdraw his 2004 guilty plea to escape, on the theory that he had never been legally placed on postrelease control. Therefore, he claimed, “he is actually innocent” of the crime of escape and is serving a sentence that is a legal nullity. The trial court denied his motion, and the Fifth District affirmed. State v. Billiter, 5th Dist. No. 2010CA00292, 2011-Ohio-2230, 2011 WL 1832617, ¶ 21. Subsequently, the Fifth District certified a conflict to this court regarding its decision and three cases from the Second District Court of Appeals: State v. Pointer, 193 Ohio App.3d 674, 2011-Ohio-1419, 953 N.E.2d 853 (2d Dist.2011); State v. Robinson, 2d Dist. No. 20120 CA 30, 2011-Ohio-1737, 2011 WL 1362308; and State v. Renner, 2d Dist. No. 24019, 2011-Ohio-502, 2011 WL 345806. Upon review of that order, we determined that a conflict exists on the following question of law: “Where a criminal defendant enters a plea of guilty to escape, does res judicata bar the defendant from arguing his plea is void due to a post release control sentencing violation?” State v. Billiter, 130 Ohio St.3d 1436, 2011-Ohio-5883, 957 N.E.2d 298. We answer the certified-conflict question in the negative.
II. Analysis
{¶ 7} “A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.” State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus; see also State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 16; State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864 (where postrelease notification is absent from the sentencing hearing, the sentence is void and must be vacated and remanded to the trial court for de novo sentencing); State v. Beasley, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984); Colegrove v. Burns, 175 Ohio St. 437, 195 N.E.2d 811 (1964).
{¶ 8} In the instant case, the trial court sentenced Billiter in 1998 to a mandatory term of postrelease control of up to a maximum of three years. However, the court should have sentenced Billiter to a mandatory term of five years of postrelease control. If this matter related only to Billiter’s 1998 sentence, without difficulty we would apply Fischer. But Billiter does not *106 directly challenge his 1998 sentence. Rather, this case involves a certified conflict about whether Billiter can challenge his 2004 guilty plea to the offense of escape on the basis that his 1998 postrelease-control order was void or whether res judicata bars his argument. Thus, this matter requires the court to consider the effect of Fischer on a subsequent conviction that is based on an erroneous postrelease-control sentence.
{¶ 9} The state argues that the procedural history of Billiter’s case — that is, his guilty plea to escape after failing to challenge any of his convictions and sentences — should compel this court to apply res judicata. The state contends that because Billiter did not attack his 1998 sentence and because trial and appellate courts have already rejected Billiter’s challenge to his escape conviction and sentence, under res judicata, he should not be able to raise the issue once more. The state claims that Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, addressed issues on direct appeal only and does not require a different result. Billiter, on the other hand, relies on our case law to argue that the Adult Parole Authority had no authority to supervise him from 2001 to 2004 because the court’s 1998 postrelease-control order was void. Billiter contends, therefore, that he is factually innocent, his escape conviction is a legal nullity, and res judicata, which is founded on principles of fairness and justice, cannot apply.
{¶ 10} As we have consistently stated, if a trial court imposes a sentence that is unauthorized by law, the sentence is void. “ ‘The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.’ ” Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 12, quoting Romito v. Maxwell, 10 Ohio St.2d 266, 267-268, 227 N.E.2d 223 (1967). (Bezak was later modified by State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus.) We said in Fischer that a void postrelease-control sentence “is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or collateral attack.” Id. at paragraph one of the syllabus.
{¶ 11} Fischer applies to every criminal conviction, including a collateral attack on a void sentence that later results in a guilty plea to the crime of escape. R.C. 2921.34(A)(1) provides:
No person, knowing the person is under detention, other than supervised release detention, or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.
*107 According to R.C. 2921.01(E), “detention” includes “supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution.” See Woods v. Telb, 89 Ohio St.3d 504, 511-512, 733 N.E.2d 1103 (2000). Therefore, Fischer necessarily applies, and we therefore follow it in holding that res judicata does not control the law regarding an escape charge to which a defendant pleads guilty after violating the terms of an improperly imposed postrelease control. See Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 30-36; see also State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, syllabus (expressly disfavoring applying res judicata to sentences that do not conform to statutory postrelease-control mandates). Therefore, we hold that if a trial court sentences a defendant to an improper term of postrelease control and the defendant subsequently pleads guilty to violating postrelease control, the defendant is not barred by the principles of res judicata from challenging his conviction.
{¶ 12} Here, the trial court failed to sentence Billiter to a correct term of postrelease control. Accordingly, his sentence was void. Fischer, paragraph one of the syllabus. The trial court’s incorrect sentence for postrelease control in 1998 was insufficient to confer authority upon the Adult Parole Authority to impose up to three years of postrelease control on Billiter. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 17. Although the Adult Parole Authority actually did place Billiter under supervision, see R.C. 2921.01(E), and Billiter did violate the terms of that postrelease control in violation of R.C. 2921.34(A)(1), Billiter’s escape conviction was based on an invalid sentence. Accordingly, the trial court was without jurisdiction to convict him on the escape charge.
{¶ 13} Billiter’s conviction and sentence for escape based on a postreleasecontrol error do not fall outside of the scope of our decision in Fischer. Therefore, Billiter is not barred by res judicata from arguing that his plea is void due to the trial court’s incorrect imposition of postrelease control.
III. Conclusion
{¶ 14} When a criminal defendant is improperly sentenced to postrelease control, res judicata does not bar the defendant from collaterally attacking his conviction for escape due to an earlier postrelease-control sentencing error.
Judgment reversed.
O’Connor, C.J., and Pfeifer and Cupp, JJ., concur.
*108 Lanzinger, J., concurs in part and dissents in part.
Lundberg Stratton and O’Donnell, JJ., dissent.