Lanzinger, J.,
dissenting.
{¶ 138} I respectfully dissent. For the reasons expressed in my opinion concurring in part and dissenting in part in State v. Billiter, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, I would not find void any portion of Wesson’s 2003 sentence. As the mistake was solely in the court’s exercise of jurisdiction in imposing postrelease control (imposing three years of discretionary, rather than three years of mandatory, postrelease control), the sentence was merely voidable. Since the error was not raised on appeal within 30 days, res judicata applies and Wesson remained under the supervision of the Adult Parole Authority.
{¶ 139} I also dissent from the majority’s judgment affirming the remaining capital convictions. I would vacate the convictions and remand the case to the trial court for the proper selection of a three-judge panel in this case as precedent demands. Although it acknowledges the requirement of strict compliance with R.C. 2945.05 and 2945.06 when a defendant waives a jury in a capital case, the majority nonetheless declares that Wesson forfeited the right to challenge the way that the three-judge panel was selected because he assented to the procedure followed by Judge Teodosio in appointing the members of the panel. This holding is inconsistent with our decisions in State v. Parker, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846; State v. Filiaggi, 86 Ohio St.3d 230, 239, 714 N.E.2d 867 (1999); State v. Pless, 74 Ohio St.3d 333, 658 N.E.2d 766 (1996); and Pratts v. Hurley, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992.
{¶ 140} In Parker, the defendant in a capital case waived his right to a trial by jury, waived his right to a three-judge panel, and pled guilty to aggravated murder. Id. at ¶ 2. We affirmed the court of appeals’ decision to vacate the conviction, holding that the defendant could not waive the right to a three-judge panel. Id. at ¶ 11. In Filiaggi, the defendant had waived his right to a trial by jury. Id. at 238. The three-judge panel entered convictions only on the aggravated-murder charge and specifications, and the presiding judge decided the noncapital charges. Id. at 239. We reversed the judgment and remanded the case for the three-judge panel to render verdicts on the noncapital charges, holding that because we have consistently required strict compliance with R.C. 2945.06, “the presiding judge did not have sole authority to enter a verdict on the noncapital charges.” Id. at 240. Here, Wesson executed a jury waiver, *338 consenting to be tried by a panel “consisting of Judge Thomas A. Teodosio, presiding at this time, and two other judges to be designated pursuant to law.” (Emphasis added.) Wesson thus did not waive his rights under R.C. 2945.06 to the following of the proper procedure in selecting his three-judge panel. Parker and Filiaggi would not allow him to do so in any event.
{¶ 141} Furthermore, the majority’s opinion in this case is yet another example of the inconsistent holdings of this court in cases in which the trial-court judge acted contrary to a statutory mandate. The majority reverses Wesson’s conviction for aggravated murder while under detention and for the corresponding specification on Count Two due to a postrelease-control error. So on the one hand, the majority collaterally declares a portion of Wesson’s 2003 sentence void because the trial judge imposed three years of discretionary rather than mandatory postrelease control. Then on the other hand, although the trial judge did not have authority to appoint the other two judges of the three-judge panel in this capital case, the majority affirms Wesson’s remaining capital convictions. Apparently, a postrelease-control error is more important than a procedural error in a capital case. I cannot agree with this inconsistency. I would hold that any error in the court’s exercise of jurisdiction is voidable rather than void.
{¶ 142} As we held in Pratts,
[t]he failure of a court to convene a three-judge panel, as required by R.C. 2945.06, does not constitute a lack of subject-matter jurisdiction that renders the trial court’s judgment void ab initio and subject to collateral attack in habeas corpus. It constitutes an error in the court’s exercise of jurisdiction that must be raised on direct appeal.
(Emphases added.) 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, at syllabus.
{¶ 143} Wesson raised this error on direct appeal. I would therefore vacate the convictions and remand the case for a new trial in accordance with the mandatory capital procedures within R.C. 2945.06. Because I would not hold any portion of the 2003 sentence to be void, Wesson would still be eligible to be *339 convicted of Count Three and the specification to Count Two for aggravated murder while under detention.
Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.
David L. Doughten and George C. Pappas, for appellant.