[Cite as *State v. Dean*, **2014-Ohio-50.**]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CHAMPAIGN COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

MICHAEL A. DEAN

      Defendant-Appellant


Appellate Case No.    2013-CA-17

Trial Court Case No.   2012-CR-349

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 10th day of January, 2014.

. . . . . . . . . . .

JENNIFER E. GELLER, Atty. Reg. No. 0088855, Champaign County Assistant Prosecuting Attorney, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

THOMAS W. KIDD, JR., Atty. Reg. No. 0066359, P.O. Box 231, Harveysburg, Ohio 45032
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    We are asked to determine whether the trial court failed to properly impose a mandatory three-year post-release control sentence in a prior 2006 case, when the court sentenced Defendant-Appellant, Michael Dean, to serve "up to" three years of post-release control.   In the event that the trial court erred in the 2006 case, we must decide if the 24-month prison sentence that was imposed in the present case for violation of such supervision is void.

{¶ 2}    When the trial court in the prior 2006 case sentenced Dean to serve "up to" three years of post-release control, it was insufficient to impose the mandatory three- year term of post-release control.   Therefore, the post-release control sentence is void. The trial court in the present case erred when it imposed a 24-month prison sentence for violation of the void post-release control supervision.   Because the sentence of post-release control in the 2006 case is void, it may be collaterally attacked in this case.

I.   Statement of Facts and Procedural History

{¶ 3}    On November 21, 2012, police were called to a bar, "Little Nashville", in Urbana, Ohio, on a report from an off-duty police officer that a man holding a gun was outside the bar.   As the police responded, they heard the sound of a gunshot.   Defendant-Appellant, Michael Dean, had accidently dropped a gun, and when he picked the gun up, it discharged.   The off-duty police officer pointed a pistol at Dean and instructed him to drop the gun.   Instead, Dean fled.

{¶ 4}    Multiple law enforcement officers searched for Dean.   He was later located, and again ran from a pursuing deputy sheriff.   When Dean tripped, the deputy handcuffed him.   A .45 caliber bullet was located under Dean's head, and two bullets were found in his pocket.   The .45 caliber handgun was later found under a pile of sticks in an alley.   Near the bar where the pistol was fired, police found seven bullets on a cement block wall, along with sunglasses and half a

cigarette. Two more bullets were found in the area.

{¶ 5} Dean's girlfriend, Canda Green, told police that she had observed Dean steal a red cell phone, sunglasses, and a pistol from a white Honda. Canda possessed the red cell phone. After a search warrant was authorized, the examination revealed that Dean's personal cell phone contained text messages referring to shooting the pistol.

{¶ 6} On December 10, 2012, the Champaign County Grand Jury returned an indictment against Dean for five felony counts, all with one-year firearm specifications.

{¶ 7} On January 16, 2013, Dean entered a plea of guilty to two counts as part of a negotiated plea. In exchange for Dean's guilty plea to illegal possession of a firearm in a permit premises and tampering with evidence, both third degree felonies, the State dismissed three counts and all five firearm specifications. The State also recommended a prison sentence, but less than the maximum.

{¶ 8} On February 27, 2013, Dean was sentenced to two 18-month terms, to be served consecutively. At the time of his offense, Dean was being supervised on post-release control in Champaign County Case No. 2006-TR-176, and had 30.5 months remaining on the supervision. The trial court imposed a consecutive 24-month prison sentence for the post-release control violation, making the total sentence five years. Dean appeals from this conviction and sentence.

II. Legal Analysis

{¶ 9} On November 12, 2013, we permitted Dean to amend his brief. He presents two assignments of error. Dean's first assignment of error states:

> The trial court erred when it imposed a judicial-sanction sentence based upon void post release control.

{¶ 10}     Dean challenges the trial court's jurisdiction to impose a 24-month prison sentence for violation of the post release-control supervision that was previously imposed in *State v. Dean*, Champaign C.P. No. 2006-CR-176 (Oct. 12, 2006). According to Dean, mistakes in the sentencing for the 2006 case caused imposition of post-release control to be void, thereby depriving the trial court of jurisdiction to sentence Dean for the violation.

{¶ 11}     Dean is correct.   As a result, the trial court erred when it imposed a 24-month prison sentence for violation of a void post-release control supervision-sentence.

{¶ 12}     In the 2006 case, Dean was convicted and sentenced for a felony of the second degree.   This required the trial court in the prior case to sentence Dean to three years of mandatory post-release control.   The court was also required to inform Dean of this at sentencing, and to include such language in the sentencing entry.   R.C. 2967.28(B)(2).

{¶ 13}     However, the trial court clearly intended to not sentence Dean to a mandatory three-year term of post-release control.   At the change of plea hearing in the 2006 case, the trial court told Dean that "Post-release control can last for three years.   The current trend is to actively supervise for one, but it can last for three."   Transcript of September 12, 2006 Plea Hearing in Case No. 2006-CR-176,   p. 12.

{¶ 14}     Likewise, the trial court erred at the 2006 sentencing hearing when it informed Dean that:

> After you are released from your prison sentence, you are subject to post-release control for a period of up to three years.   Currently the post-release control is only actively supervised for one, but it can last for three.   Transcript of October 10, 2006 Sentencing Hearing in Case No. 2006-CR-176, p. 13.

{¶ 15}     Finally, the sentencing entry in the 2006 case stated that "After release from

prison, Defendant is ordered to be subject to post-release control for a maximum of three (3) years, all subject to Parole Board determination." Journal Entry of Judgment, Conviction and Sentence, Case No. 2006-CR-176 (October 12, 2006), p. 3.

{¶ 16} We have repeatedly held that the "up to" language as found in the 2006 case is insufficient when the post-release control is mandatory. Such error causes the post-release control portion of the sentence to be void. *See, e.g.*, *State v. Fleming*, 2013-Ohio-503, 990 N.E.2d 145, ¶ 21-24 (2d Dist.), citing *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 12, and *State v. Adkins*, 2d Dist. Greene No. 2010-CA-69, 2011-Ohio-2819, ¶ 11 and 14.

{¶ 17} In *Adkins*, the defendant was told that he was subject to mandatory post release control for "up to" five years. *Id.* at ¶ 6. We noted that:

> [I]n reality, Adkins was subject to mandatory post-release control for the entire five years. Logically, " 'up to' " five years also included five years and could not conceivably prejudice the defendant. But, the case law is to the contrary. Therefore, the post-release control portion of Adkins's sentence is void. (Citation omitted). *Id.*

{¶ 18} Under the procedure set forth in R.C. 2929.191, a trial court may correct such errors in post-release control sentencing prior to the time the defendant is released from prison. However, this procedure was not utilized here, and the errors remain. "Unless and until the Ohio Supreme Court changes its 'void' post-release control analysis or the legislature changes the statutory implementation of supervision, the State should be on notice that every sentencing entry should be reviewed for accuracy before imposition of post-release control." *Adkins* at ¶ 12.

{¶ 19} The law relating to this issue is well settled. We conclude that the trial court in the 2006 case erred when it sentenced Dean to "up to" three years of post-release control when a

mandatory three year term was required. As a result, this portion of the 2006 sentencing is void. The trial court in the case before us, therefore, erred when it imposed a 24-month prison sentence for violation of the void post-release control supervision.

{¶ 20} Since the sentence of post-release control in the 2006 case is void, it may be collaterally attacked in this case. In this regard, the Supreme Court of Ohio has stressed that:

> As we have consistently stated, if a trial court imposes a sentence that is unauthorized by law, the sentence is void. " 'The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.' " (Citations omitted). * * * We said in *Fischer* that a void post-release-control sentence " 'is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or collateral attack.' " *Billiter,* 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 10, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus.

{¶ 21} Accordingly, we sustain the first assignment of error.

{¶ 22} Dean's Second Assignment of Error states as follows:

> Michael Dean was deprived of his constitutional right to the effective assistance of counsel.

{¶ 23} Dean argues under this assignment of error that his trial counsel was ineffective because counsel failed to challenge the judicial sanction-sentence based on void post-release control. We find Dean's second assignment of error moot in light of our disposition of the first assignment of error in his favor.

### III.  Conclusion

{¶ 24}  The portion of the trial court's 2006 sentencing entry imposing post-release control is vacated.   Also, the 24-month prison sentence in this case for violation of post-release control is vacated.   Otherwise, the judgment is affirmed. The cause is remanded to the trial court to notify the Adult Parole Authority about the vacation of the post-release control in the 2006 case and the Department of Rehabilitation and Correction concerning the vacation of the 24-month prison sentence for Dean's violation of post release control.        {¶ 25}   We reverse in part, and affirm in part, and remand for further proceedings.

. . . . . . . . . . . . .

FROELICH and HALL, JJ.,   concur.

Copies mailed to:

Jennifer E. Geller
Thomas W. Kidd, Jr.
Hon. Nick A. Selvaggio