[Cite as *State v. Murphy*, 2014-Ohio-323.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| TERRY L. MURPHY | : | Case No. CT2013-0028 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:            Appeal from the Court of Common
                                    Pleas, Case No. CR2013-0059


JUDGMENT:                           Reversed and Remanded


DATE OF JUDGMENT:                   January 29, 2014


APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

ROBERT SMITH                               KENNETH R. SPIERT
27 North Fifth Street                      250 East Broad Street, 14th Floor
Zanesville, OH  43701                      Columbus, OH  43215

*Farmer, J.*

{¶1}   On July 31, 2007, the Muskingum County Common Pleas Court sentenced appellant, Terry Murphy, to an aggregate term of four years in prison, and notified appellant that post-release control was optional up to three years (Case No. CR2007-0070).

{¶2}   On May 1, 2013, the trial court sub judice sentenced appellant to an aggregate term of eight years in prison (Case No. CR2013-0059).  The trial court further found appellant had violated the terms of his post-release control in Case No. CR2007-0070.   The trial court terminated appellant's post-release control in said case and ordered him to serve the remainder of his post-release control consecutively to the eight year sentence.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT ERRED IN IMPOSING A JUDICIAL SANCTION UNDER OHIO REVISED CODE SECTION 2929.141(A)(1) BASED UPON A VOID ENTRY IMPOSING POSTRELEASE CONTROL.   THIS ERROR VIOLATES MR. MURPHY'S RIGHTS TO DUE PROCESS AND EQUAL PROTECTION UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 2 AND 16 OF THE OHIO CONSTITUTION."

II

{¶5}   "THE TRIAL COURT ERRED WHEN IMPOSING A SANCTION UNDER OHIO REVISED CODE SECTION 2929.141(A)(1) BY FAILING TO STATE THE NUMBER OF DAYS THAT MR. MURPHY IS REQUIRED TO SERVE ON THAT SENTENCE.  THIS ERROR VIOLATES MR. MURPHY'S RIGHTS TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."

I

{¶6}   Appellant argues the trial court erred in ordering him to serve the remainder of his post-release control from Case No. CR2007-0070, as the order of post-release control was void.  We agree.

{¶7}   In Case No. CR2007-0700, appellant was notified that post-release control was optional up to three years, when in fact it was a mandatory three year term; therefore the order of post-release control was void and cannot now be used against him.  The state concedes this argument in its brief at 2-3, on the applicability of *State v. Billiter,* 134 Ohio St.3d 103, 2012-Ohio-5144, ¶ 12:

Here, the trial court failed to sentence Billiter to a correct term of postrelease control.  Accordingly, his sentence was void.  *Fischer* [128 Ohio St.3d 92, 2010-Ohio-6238], paragraph one of the syllabus.  The trial court's incorrect sentence for postrelease control in 1998 was insufficient to confer authority upon the Adult Parole Authority to impose up to three years of postrelease control on Billiter.  *Jordan,* 104 Ohio St.3d 21, 2004-

Ohio-6085, 817 N.E.2d 864, ¶ 17. Although the Adult Parole Authority actually did place Billiter under supervision, *see* R.C. 2921.01(E), and Billiter did violate the terms of that postrelease control in violation of R.C. 2921.34(A)(1), Billiter's escape conviction was based on an invalid sentence. Accordingly, the trial court was without jurisdiction to convict him on the escape charge.

{¶8} Assignment of Error I is granted.

II

{¶9} Based upon our decision in Assignment of Error I, we find this assignment to be moot.

{¶10} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby reversed, and the matter is remanded to said court for resentencing.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

SGF/sg 116