[Cite as *State v. Roberts*, 2015-Ohio-101.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   101162

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**WELTON ROBERTS**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-575649

**BEFORE:**   Boyle, P.J., Keough, J., and McCormack, J.

**RELEASED AND JOURNALIZED:**   January 15, 2015

**ATTORNEY FOR APPELLANT**

R. Paul Cushion, II
75 Public Square
Suite 1111
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Karrie D. Howard
          Anthony Miranda
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

**{¶1}** Defendant-appellant, Welton Roberts, appeals his sentence, arguing that it is void because the trial court sentenced him twice for the same offense. Finding no merit to the appeal, we affirm.

Procedural History and Facts

**{¶2}** In July 2013, Roberts was indicted on two counts of drug possession, two counts of drug trafficking, possessing criminal tools, carrying a concealed weapon, and improperly handling a firearm in a motor vehicle. The drug possession, drug trafficking, and improperly handling a firearm all carried a one-year firearm specification. All the counts carried forfeiture specifications. The facts giving rise to the charges involved the police arresting Roberts during a drug transaction. At the time of his arrest, Roberts possessed 130 unit doses of heroin and a firearm.

**{¶3}** In December 2013, Roberts entered into a plea agreement with the state and ultimately pleaded guilty to Counts 2 and 4 of the indictment: trafficking in heroin in violation of R.C. 2925.03(A)(2), a second-degree felony, and carrying a concealed weapon in violation of R.C. 2923.12(A)(2), a fourth-degree felony. The indictment with respect to Count 2 reads in relevant part as follows:

> that the Defendant unlawfully did knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance * * * when the offender knows or has reasonable cause to believe that the controlled substance * * * is intended for sale or resale by the offender or another person the drug involved in the violation is heroin * * * and the amount involved equals or exceeds one hundred unit doses but less than five hundred unit doses.

**{¶4}** Roberts further agreed to forfeit the items identified in the indictment, including $771 in cash, a firearm, a cell phone, and a 2002 Mercury Sable automobile. The remaining counts and forfeiture specifications of the indictment were nolled.

{¶5} At the time of the plea, the trial court did state that it was its "understanding that at this point this is not a mandatory time case." The state also erroneously indicated the same on the record.

{¶6} Following the plea, the trial court ordered a presentence investigation report and set the matter for a sentencing hearing. On January 13, 2014, the trial court held the sentencing hearing and ultimately imposed one and one-half years of community control sanctions, indicating that a violation of the terms and conditions of probation would subject Roberts to eight years in prison on Count 2 and 18 months in prison on Count 6.

{¶7} The next day, the state filed a motion for the court to resentence Roberts, indicating that Roberts's conviction carried mandatory prison time and, therefore, the sentence imposed earlier was void as a matter of law.

{¶8} On February 5, 2014, the trial court held another sentencing hearing. At the start of the hearing, the trial court addressed the defendant and explained why another sentencing hearing was necessary, stating the following:

> At [the earlier sentencing hearing], none of us here in the court * * * were cognizant of the fact that because of the number of unit doses alleged in this case, it puts this into a point where the court loses its discretion and is required to impose mandatory time.
>
> First and foremost, because we were not aware of that, and that may not [be] something that you are aware of, Mr. Roberts, will certainly entertain and consider and I would grant a motion should you choose to withdraw your plea, if you want to do that. Then it goes back into your choice of a trial, proceeding like that. * * *
>
> If you do choose to stay with your plea, that's entirely up to you; I have no choice but to give you a minimum of two years mandatory time. I would give you credit for any time you've served obviously and, based on what I did, probation, I'll tell you right up front, it would be two-year minimum time; it would not be anything greater than that because of all the facts and circumstances.

**{¶9}** Roberts declined to withdraw his guilty plea, and the matter therefore proceeded to sentencing. The trial court imposed the mandatory minimum of two years in prison on Count 2 and six months on Count 6, ordering them to run concurrently.

**{¶10}** Roberts appeals, raising the following single assignment of error:

> The trial court erred in sentencing the defendant-appellant twice for the same offense, when the original sentence was valid, as the defendant-appellant pled to one count of carrying a concealed weapon, a violation of ORC 2923.12(A)(2) with a forfeiture provision under ORC 2941.1417 [sic] and trafficking in drugs (heroin), Count II, a violation of ORC 2925.03(A)(2), when the state of Ohio represented on the record that neither charge carried a mandatory term of incarceration thereby inducing the appellant-defendant into the belief that he was not pleading to a mandatory incarceration provision, and therein setting forth provisions of a plea bargain where no mandatory prison term was a part thereof, and where the applicable weight of the drugs at issue would not require the imposition of a mandatory prison sentence under ORC 2925.03(A)(2), and any subsequent sentencing of the defendant-appellant by the court must be deemed void, ab initio, as a violation of the defendant-appellant's constitutional rights guaranteed by the Fifth Amendment "Double Jeopardy" Clause and the Fourteenth Amendment "Due Process" Clause.

### Double Jeopardy and Due Process

**{¶11}** Roberts argues that the trial court's resentencing subjected him to double jeopardy in violation of the Fifth and Fourteenth Amendments. We disagree.

**{¶12}** The Double Jeopardy Clause of the United States Constitution prohibits multiple punishments for the same offense. *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), citing *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Double jeopardy, however, does not attach to a void sentence. *See State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 37; *State v. Powell*, 3d Dist. Mercer No. 10-07-12, 2008-Ohio-1012; *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984) (trial court's correction of a statutorily incorrect sentence did not violate appellant's right to be free from double jeopardy). Indeed, the effect of a void judgment "is as

though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment." *Romito v. Maxwell*, 10 Ohio St.2d 266, 267-268, 227 N.E.2d 223 (1967).

{¶13} Roberts contends, however, that his original sentence was not void. He argues that he had pleaded guilty to a "non-mandatory drug weight provision." He further argues that the state's subsequent request to have him sentenced "on a unit dose provision" constituted an "impermissible amendment" that violated his due process rights.

{¶14} The record reflects that Roberts pleaded guilty to R.C. 2925.03(A)(2), a second-degree felony, as contained in the indictment. The indictment specifically identifies that "the amount of the drug involved equals or exceeds one hundred unit doses but is less than five hundred unit doses." Under R.C. 2925.03(C)(6)(e), the trial court is required to impose a mandatory prison term for such an offense. Specifically, the statute provides in relevant part:

> if the amount of the drug involved equals or exceeds one hundred unit doses but is less than five hundred unit doses or equals or exceeds ten grams but is less than fifty grams, trafficking in heroin is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree.

{¶15} While the state and trial court both erroneously believed that mandatory prison time did not attach to the violation set forth in the indictment, their erroneous belief does not supersede the legislature's stated desire. Under the statute, the trial court was required to impose a prison term as prescribed for a felony of the second degree. Because the trial court failed to do so, the sentence imposed was contrary to law and void. *See State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960 ("if a trial court imposes a sentence that is unauthorized by law, the sentence is void").

{¶16} As for Roberts's claim that the state induced him to enter a plea based on his understanding that no mandatory prison time attached and based on the belief that the state was only prosecuting the "weight provision," we find that such a claim pertains to the validity of his plea. And here, the trial court specifically addressed this concern by allowing Roberts to withdraw his plea if, in fact, the plea was not knowingly, intelligently, and voluntarily entered. Roberts, however, declined.

{¶17} We simply find no due process violation when the indictment specifically sets forth the charge that Roberts pleaded guilty to and was sentenced upon. Nor do we find any support for his claim that the drug trafficking count pertained to the weight of the drugs. There is no discussion of weight in the indictment or during the proceedings; instead, the indictment refers to unit of doses. We further note that, absent the unit doses amount, the offense would not have been a second-degree felony.

{¶18} Having found that the trial court properly resentenced Roberts, we overrule his sole assignment of error.

{¶19} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
TIM McCORMACK, J., CONCUR