[Cite as *State v. Klein*, 2016-Ohio-5315.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 15CA12 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| TRAVIS KLEIN, | : | |
| Defendant-Appellant. | : | RELEASED 08/03/2016 |

APPEARANCES:

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Ohio Public Defender, Columbus, Ohio, for appellant.

Colleen S. Williams, Meigs County Prosecuting Attorney, and Jeremy L. Fisher, Meigs County Assistant Prosecuting Attorney, Pomeroy, Ohio, for appellee.

Hoover, J.

{¶1} Defendant-Appellant, Travis Klein ("Klein"), appeals the judgment of the Meigs County Court of Common Pleas, which revoked his community control and sentenced him to the Ohio Department of Rehabilitation and Correction for eighteen months.

{¶2} On appeal, Klein contends that the trial court erred in finding that he violated community control. Klein argues that the community control sentence is void because he was originally placed on community control without the trial court considering a presentence investigation report. In essence, Klein claims that since the community control sentence is void, he cannot be found to be in violation of that void sentence. Next, Klein makes the alternative argument that even if the community control sentence is not void, he never actually admitted to

the violations of the community control. Klein further contends that the state of Ohio ("State") failed to present proof of any violation.

{¶3}    The State concedes that the trial court was required by R.C. 2951.03(A)(1) and Crim.R. 32.2 to order and consider a presentence investigation report prior to imposing community control for a felony offense and therefore acted contrary to law. However, the State argues that notwithstanding the fact that the trial court acted contrary to law, the community control sentence was voidable, not void. The State contends that since the community control sentence was only voidable, the principles of res judicata apply; and since Klein did not file a direct appeal on his community control sentence, he is now barred by res judicata from raising the issues here. In response to Klein's alternative argument that he did not enter an admission, the State contends that Klein's attorney entered the admission of the violation for Klein to the trial court; and thus, Klein did enter an admission to all the allegations contained in the Motion to Revoke.

{¶4}    With respect to Klein's first assignment of error, we agree with both parties and find the imposition of community control without first considering a presentence investigation report was indeed contrary to law. However, we also find that the original community control sentence was not authorized by law; and consequently the sentence was void. Therefore, we sustain Klein's first assignment of error.

{¶5}    As for the second assignment of error, Klein's defense counsel informed the trial court that Klein intended to admit to the allegations. At no time did Klein repudiate his counsel's statement. However, in light of our disposition on the first assignment of error, we find the second assignment of error to be moot.

{¶6}   Accordingly, we vacate and reverse the judgment of the trial court, vacate the community control sentence, and remand for resentencing consistent with this decision.

## I. Facts and Procedural History

{¶7}   In August 2013, Klein pleaded guilty to (1) non-support of dependents, a violation of R.C. 2919.21, a felony of the fifth degree; and (2) attempted tampering with evidence, a violation of R.C. 2923.02 and R.C. 2921.12(A)(1), a felony of the fourth degree. The trial court accepted the guilty pleas. After accepting the guilty pleas, the following exchange took place:

> TRIAL COURT: * * * For the record, a PSI has already been done and we're going to go ahead and proceed to sentencing unless there's some good reason not to proceed. Anything, Defense Counsel?
>
> ATTORNEY BUNCE: Your Honor, we would like you to go ahead and proceed to sentencing now.

The trial court later said: "The Court has considered pre-sentence investigation report. I think it's been prepared on this case. * * *" The Judgment Entry dated August 30, 2013, for Klein's sentencing also states that the trial court considered the "pre-sentence report prepared."

{¶8}   Klein was sentenced to community control for a period of sixty months, with an underlying sentence of eighteen months, on the attempted tampering with evidence charge. Klein was also sentenced to twelve months imprisonment for the non-support of dependents charge. The trial court ordered that the community control sentence run consecutively to the twelve-month prison term. No appeal was taken from either of the cases.

{¶9}   In the summer of 2014, Klein was released from prison after serving his twelve months on the non-support case. After Klein was released, however, he never reported to the

necessary authorities. In addition, in July 2015, Klein was arrested upon allegations of illegal assembly or possession of chemicals for the manufacture of methamphetamine. Thus, a motion to revoke community control was filed in July 2015.

{¶10}  On July 23, 2015 a probable cause and final hearing was held on the motion to revoke community control. Initially, Klein's counsel told the trial court, "It is [Klein's] intention to admit to the allegations contained in the motion. We see no need to delay sentencing on that matter, Judge. * * *" After Klein's counsel informed the court of his intention to admit to the allegations, Klein requested that he be permitted to "spend a couple days with my kids because this just came out of nowhere really." In response, the trial court denied Klein's request. Klein did not voice any denial of the allegations contained in the motion. Nor did Klein disavow his counsel's statement that he intended to admit the allegations.

{¶11}  The trial court proceeded to sentence Klein to eighteen months in the custody of the Ohio Department of Rehabilitation and Correction on the revocation of community control for the original attempted tampering with evidence charge. At no time during the revocation proceedings did Klein question whether a presentence investigation report had been considered prior to issuing the original sentence.

{¶12}  This timely appeal followed. Despite the trial court stating that it had considered the presentence investigation report prior to originally sentencing Klein to community control and despite the judgment entry reflecting that the presentence report was prepared, the parties stipulated during these appellate proceedings that no presentence investigation report had been prepared in the case.

## II. Assignments of Error

{¶13}  Klein assigns the following errors for our review:

First Assignment of Error:

> The trial court erred by finding that Mr. Klein violated community control
> imposed without a presentence investigation report. R.C. 2929.15; R.C. 2951.03;
> Judgment Entry (July 27, 2015); Judgment Entry (Aug. 30, 2013); Stipulated
> Correction of the Record (Nov. 9, 2015); T. p. 17 (July 23, 2015).

Second Assignment of Error:

> The trial court erred by finding that Mr. Klein violated his community control
> sanctions without any evidence of a violation and in the absence of an admission.
> Fifth and Fourteenth Amendments to the United States Constitution; R.C.
> 2929.15; R.C. 2951.03; Judgment Entry (July 27, 2015); Judgment Entry (Aug.
> 30, 2013); T.p. 17 (July 23, 2015).

### III. Law and Analysis

{¶14}  In his first assignment of error, Klein contends that the trial court erred in finding that he violated community control when his original community control sentence was imposed without a presentence investigation report. We agree with Klein.

### A. Standard of Review

{¶15}  When reviewing felony sentences we apply the standard of review set forth in R.C. 2953.08(G)(2). *See State v. Brewer,* 2014–Ohio–1903, 11 N.E.3d 317, ¶ 33 (4th Dist.) ("we join the growing number of appellate districts that have abandoned the *Kalish* plurality's second-step abuse-of-discretion standard of review; when the General Assembly reenacted R.C. 2953.08(G)(2), it expressly stated that '[t]he appellate court's standard of review is not whether the sentencing court abused its discretion' "). R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds that "the record does not support the sentencing court's findings" under the specified statutory provisions or "the sentence is otherwise contrary to law."

### B. The Imposed Sentence was Contrary to Law.

{¶16}  The Supreme Court of Ohio has recently held in *State v. Amos*, 140 Ohio St.3d 238, 2014-Ohio-3160, 17 N.E.3d 528, ¶16:

> A trial court acts contrary to law when it imposes a sentence of one or more
>
> community-control sanctions on a felony offender without first ordering and
>
> reviewing a presentence investigation report.

Therefore, according to Supreme Court precedent, it is clear that the trial court acted contrary to law.

### C. The Imposed Sentence was Not Authorized by Law.

{¶17}  Although the sentence imposed without considering a presentence investigation is contrary to law, we must also consider whether or not the sentence was authorized by law. This is necessary because the Supreme Court of Ohio and this Court have held that if an imposed sentence is not authorized by law, it is void. *State v. Pippen*, 4th Dist. Scioto No. 14CA3595, 2014-Ohio-4454, ¶ 11, citing *State v. Billiter,* 134 Ohio St.3d 103, 2012–Ohio–5144, 980 N.E.2d 960, ¶ 10. "[S]entences not authorized by statute are void and subject to being vacated." *State v. Stump*, 4th Dist. Athens No. 13CA10, 2014-Ohio-1487, ¶ 15, citing *State v. Rohda,* 135 Ohio App.3d 21, 25, 732 N.E.2d 1018 (3d Dist.1999); *State v. Hooks*, 135 Ohio App.3d 746, 735 N.E.2d 523 (10th Dist.2000); *State v. Lee,* 1st Dist. Hamilton No. C–120307, 2013–Ohio–1811, ¶ 26. "This rule cannot be circumvented." *Stump* at ¶ 15.

{¶18}  If the sentence is merely voidable, then principles of res judicata would apply, and since Klein did not file a direct appeal on the original community control sentence, he would now be barred by principles of res judicata of raising the arguments in his first assignment of error. *See State v. Literal*, 4th Dist. Scioto No. 12CA3479, 2012-Ohio-6298 ¶ 6. On the other

hand, if the original community control sentence is void, then the principles of res judicata do not apply; and the sentence may be reviewed at any time even by collateral attack. *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332 ¶ 40.

{¶19}   With respect to our determination of whether Klein's imposed sentence was authorized by law, we look to the Supreme Court of Ohio's language in *Amos,* 140 Ohio St.3d 238, 2014-Ohio-3160, 17 N.E.3d 528. In *Amos*, the Supreme Court of Ohio made the following findings, albeit reluctantly:

> But we are not the legislature, and our pursuit of a logical understanding of the sentencing scheme cannot overlook the plain language of the statute and rule that govern these cases. The state has argued that based on R.C. 2951.03(A)(1) and Crim.R. 32.2, a community-control sentence is always subject to a presentence investigation and that *a trial court that fails to order a presentence investigation is not authorized to place an offender on a community-control sentence.* Reluctantly, we must agree. R.C. 2951.03(A)(1) specifically states that "[n]o person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court," and Crim.R. 32.2 states that "[i]n felony cases the court shall * * * order a presentence investigation and report before imposing community control sanctions or granting probation." These provisions are simply too clear to ignore.

(Emphasis added.) *Id.* at ¶ 14.  Thus, the Supreme Court of Ohio evidently agrees with the argument that "a trial court that fails to order a presentence investigation is not authorized to place an offender on a community-control sentence.*" Id.* at ¶ 14.

{¶20} In this case, Klein had entered into a plea agreement wherein he would be placed on community control for the attempted tampering with evidence conviction. The transcript reveals that the trial court stated at the hearing that it had considered a presentence investigation report. Thus, it is understandable that defense counsel failed to object to the failure to consider a presentence investigation report prior to sentencing Klein to community control. Nonetheless, "[a] sentence not authorized by statute * * * cannot be imposed because it is included in a plea agreement, or because defense counsel failed to object at the sentencing hearing." *Stump*, 2014-Ohio-1487, at ¶ 15.

{¶21} In addition to the holding in *Amos*, to determine whether the imposed sentence was authorized by law, we must also examine the applicable law. R.C. 2951.03(A)(1) states that: "No person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court.* * *" Crim.R. 32.2 further states: "In felony cases the court shall * * * order a presentence investigation report before imposing community control sanctions * * *." Both the statute and the criminal rule of procedure mandate that a trial court shall order and consider a presentence investigation report prior to imposing community control sanctions. Here, the trial court did not consider a presentence investigation report before imposing sentence, and thus the sentence was not authorized by law. The original community control sentence is consequently void.

{¶22} We would be remiss if we failed to address the case *State v. Knuckles,* 9th Dist. Summit No. 27571, 2015-Ohio-2840. In *Knuckles*, the Ninth District Court of Appeals resolved the same issue in this case with the opposite result. The Ninth District reasoned:

The Ohio Supreme Court recently held that a trial court that fails to order a presentence investigation is not authorized to place an offender on a community-control sentence. *State v. Amos*, 140 Ohio St.3d 238, 2014-Ohio-3160, ¶ 14-15 (O'Neill, J., with three Justices concurring in judgment only). The Court did not conclude that a community control sentence imposed in violation of R.C. 2951.03(A)(1) is void. Instead, the Court held that "A trial court acts contrary to law when it imposes a sentence of one or more community-control sanctions on a felony offender without first ordering and reviewing a presentence investigation report." *Amos* at ¶ 16.

The Court's reference to the trial court's action being "contrary to law" does not suggest that the sentence is void. Rather, it is the standard that the Eighth District applied in the companion cases before the Supreme Court, *State v. Richmond*, 8th Dist.No. 97531, 2012-Ohio- 3946 and *State v. Amos*, 8th Dist.No. 97719, 2012-Ohio-3954. Both *Amos* and *Richmond* reviewed the sentences according to the test set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008- Ohio-4912, which requires, as a first step, to determine whether the trial court complied with the applicable sentencing statues to conclude whether the sentence is *contrary to law*. By affirming *Richmond*, and reversing *Amos*, the Supreme Court held that a sentencing court acts contrary to law when it imposes a community control sentence without a presentence investigation. In simpler terms, the sentencing court committed an error that results in a voidable, not a void, judgment.

Neither the Supreme Court nor the Eighth District concluded that either sentence was void. A trial court's failure to order a presentence investigation report in violation of R.C. 2951.03(A)(1) makes the judgment imposing sentence merely voidable, rather than void. And the voidable judgment is subject to the limitations of res judicata. *See Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238 at ¶ 40.

Because the trial court's violation of R.C. 2951.03(A)(1) made Mr. Knuckles' sentences imposing community control voidable, and not void, he was required to challenge his sentences on direct appeal. He did not appeal from the judgment entries sentencing him to community control in 2010 and 2012. Thus, Mr. Knuckles' claim that his sentences to community control were contrary to law is barred by res judicata. Mr. Knuckles' assignments of error are overruled.

(Emphasis sic.) *Knuckles* at ¶¶ 9-12.

{¶23} Although our sister appellate court recognizes that a trial court that fails to order a presentence investigation *is not authorized* to impose a community control sentence on an offender, it ultimately concludes that such sentence is voidable, not void. The Ninth District seems to rely heavily on the fact that the *Amos* court did not find the sentence to be void. It must be noted, however, that whether the sentence was void or voidable was not at issue in the *Amos* case. In that case, the issues were raised in a timely appeal from a community control sentence that was imposed without a presentence investigation.

{¶24} Since the Supreme Court of Ohio in *Amos* agreed that "a trial court that fails to order a presentence investigation is not authorized to place an offender on a community-control sentence," we cannot follow the Ninth District's rationale. It seems that the Ninth District does

not examine the fact that the trial court was not authorized to impose the sentence. It simply states that the sentence was voidable, not void. Accordingly, we decline to follow the *Knuckles* case especially in light of the Supreme Court of Ohio's and this Court's precedent that if an imposed sentence is not authorized by law, it is void. *See Pippen*, 2014-Ohio-4454, at ¶ 11, citing *Billiter,* 134 Ohio St.3d 103, 2012–Ohio–5144, 980 N.E.2d 960, at ¶ 10.

{¶25} We fully understand that, upon remand, Klein will simply be re-sentenced after considering a presentence investigation report. The result of this decision then may seem to be a waste of judicial and prosecutorial resources, especially since this matter proceeded pursuant to a plea agreement. Nonetheless, as judges, we must follow the law as set forth by the legislature. The General Assembly explicitly stated in R.C. 2951.03(A)(1) that: "No person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court.* * *" This statute is written in mandatory, not permissive, terms. We cannot legislate judicially. We must reverse.

## IV. Conclusion

{¶26} Klein's first assignment of error is sustained. The community control sentence on the attempted tampering with evidence conviction was contrary to law and not authorized by law; accordingly, it is void and is vacated. The judgment of the trial court revoking the community control is also vacated and reversed. This matter is remanded for re-sentencing consistent with this opinion.

{¶27} Our resolution of Klein's first assignment of error renders his second assignment of error moot; and we decline to address it. *See* App.R. 12(A)(1)(c).

JUDGMENT REVERSED AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE BE REMANDED for further proceedings consistent with this opinion. Appellee shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & McFarland, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
          Marie Hoover, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**