[Cite as *State v. Kinney*, 2018-Ohio-2785.]

# IN THE COURT OF APPEALS OF OHIO

### SEVENTH APPELLATE DISTRICT
### MONROE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

RICHARD LEE KINNEY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MO 0016**

---

Criminal Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. 2016-118

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. James L. Peters*, Monroe County Prosecutor, 101 North Main Street, Room 15, P.O. Box 430, Woodsfield, Ohio  43793-0430, for Plaintiff-Appellee

*Atty. Sidney N. Freeman*, McNamara, Demczyk Co., L.P.A., 12370 Cleveland Avenue, N.W., P.O. Box 867, Uniontown, Ohio  44685 and
*Atty. Matt Fortado*, 1700 W. Market St., #177, Akron, Ohio  44313, Attorneys for Defendant-Appellant

Dated:  June 29, 2018

---

**WAITE, J.**

{¶1} Appellant Richard Lee Kinney challenges the sentence of the Monroe County Court of Common Pleas following his plea of no contest to charges of aggravated vehicular homicide and two counts of operating a vehicle while intoxicated ("OVI"). Appellant argues that the trial court erred by failing to adhere to the requirements of R.C. 2929.12 before imposing a seven-year sentence. On review, the record reflects that Appellant's sentence fell within the sentencing range and the trial court purported to conduct an analysis of the statutory factors. However, the trial court's analysis, both at the sentencing hearing and in the written judgment entry of sentence, does not appear to consider the requisite statutory factors. Moreover, the trial court cited the incorrect statute at both the sentencing hearing and in the written judgment entry. Accordingly, the decision of the trial court is reversed in part and the matter is remanded for a limited resentencing to review the appropriate sentencing statutes.

Factual and Procedural History

{¶2} On March 30, 2016, Appellant was helping a friend excavate. He had his own excavator, towed on a trailer behind his pickup truck. After working, Appellant consumed twelve beers and then elected to drive home in his truck, hauling the excavator. The victim, Mary Lu Riley ("Riley"), was driving in the opposite direction, toward Appellant, on a two-lane road in Monroe County. Appellant's rig went left of center hitting Riley's car head-on. Appellant was apparently not immediately aware that he hit Riley and did not stop. He returned to the area a short time later, however, and remained at the scene until law enforcement arrived. Riley was pinned in her car for approximately an hour before help arrived. She died at the hospital some time later.

Police performed a field sobriety test on Appellant and then a breathalyzer test. He tested at three times over the legal limit.

{¶3} On April 22, 2016, Appellant was indicted on one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), a felony of the second degree; OVI in violation of R.C. 4511.19(A)(1)(a), a first degree misdemeanor; one count of OVI in violation of R.C. 4511.19(A)(1)(h), a first degree misdemeanor; and one count of failure to control in violation of R.C. 4511.202, a minor misdemeanor. Appellant appeared for arraignment on April 25, 2016 and entered a plea of not guilty. Bond was set and the matter was scheduled for a jury trial.

{¶4} On May 1, 2017, a change of plea hearing was held where Appellant pleaded no contest to one count of aggravated vehicular homicide and two counts of OVI. Appellant was placed under electronically monitored house arrest while awaiting sentencing. A presentence investigation was ordered. On June 26, 2017, a sentencing hearing was held and Appellant was sentenced to a seven-year term of imprisonment for aggravated vehicular homicide and 180 days on each of the OVI counts. These were to run concurrently, however, with the aggravated vehicular homicide sentence. The court also ordered a lifetime driving suspension and two days of jail time credit. Appellant filed a motion for resentencing with the trial court on July 25, 2017, but filed this appeal on July 26, 2017. The trial court denied Appellant's motion on August 3, 2017. Realizing the trial court lacked jurisdiction to issue that judgment, Appellant filed a motion with this Court seeking a partial remand to allow jurisdiction in the trial court to consider his motion for resentencing and permit an oral hearing to present evidence. In a judgment entry dated November 3, 2017, we denied Appellant's motion. On

November 8, 2017, the state filed a notice that it did not intend to file an appellate brief, stating that it had agreed to remain silent regarding sentencing. Appellant presents a single assignment of error on appeal:

THE TRIAL COURT ERRED, TO THE PREJUDICE OF MR. KINNEY, BY IMPOSING A SENTENCE NOT SUPPORTED BY THE RECORD.

{¶5} Appellant first contends the trial court erred in imposing a sentence that is not supported by the evidence and is not consistent with and proportional to similar offenders. As previously held by us and as Appellant notes in his brief, appellate arguments relating to proportionality and consistency must be first raised in the trial court. In *State v. Williams,* 7th Dist. No. 11 MA 131, 2012-Ohio-6277, ¶ 77, we held, "a disproportionality argument must be raised in the trial court and the defendant must present some evidence to the trial court for analysis in order to preserve the issue for appeal." *Id.* Appellant did not raise this issue to the trial court before filing his appeal. In an attempt to avoid *Williams*, Appellant filed a motion with us for a limited remand seeking to belatedly present those arguments to the trial court. As noted in our judgment entry overruling the motion, "Appellant essentially asks us to peremptorily rule in his favor in this appeal and allow the trial court to change the sentence based on arguments that have not yet been presented on appeal." (11/6/17 J.E.) Appellant does not have a right to a second bite at the apple: a second chance to raise an argument that he was required to make in the first instance to the trial court. Therefore, Appellant's arguments relating to proportionality and consistency are not properly before us and will not be considered.

**{¶6}** Regarding the remainder of Appellant's argument, "[t]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King,* 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). In exercising that discretion, however, a trial court must consider the statutory principles that apply in felony cases, including those found in R.C. 2929.11 and R.C. 2929.12. *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

**{¶7}** R.C. 2929.11 mandates that trial courts be guided by the overriding principles of felony sentencing including as a goal "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." The trial court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).

**{¶8}** R.C. 2929.11(B) reads:

A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

**{¶9}** R.C. 2929.12(B) enumerates nine factors which indicate an offender's conduct is more serious than conduct normally constituting the offense. These factors

include whether the physical or mental injury to the victim was exacerbated because of the victim's physical or mental condition; serious physical, psychological, or economic harm suffered by the victim as a result of the offense; whether the offender's relationship with the victim facilitated the offense; and whether the offender committed the offense for hire or as part of an organized crime activity.

{¶10} R.C. 2929.12(C) sets forth factors which indicate the offender's conduct is less serious than conduct normally constituting the offense: whether the offender acted under strong provocation; whether, in committing the offense, the offender did not cause or expect to cause physical harm to any person or property; and the existence of substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense. R.C. 2929.12(D) and (E) relate to factors trial courts are to consider in deciding whether the offender is likely to commit future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record.

{¶11} At the sentencing hearing, Appellant spoke on his own behalf and presented 21 letters from friends and family for mitigation purposes. The state and the victim's advocate were afforded the opportunity to make a statement. Letters from several of the victim's family members were read into the record. At the conclusion of the hearing, the trial court addressed Appellant, noting that it had reviewed the presentence investigation report and concluded, pursuant to R.C. 2929.13(B), that Appellant had caused serious physical harm to a person in taking Riley's life through Appellant's "poor choice." Although the trial court's language at hearing and in the judgment entry aligns with the language of R.C. 2929.12, we cannot presume that the

trial court was referring to R.C. 2929.12(B) when considering this factor because at both the sentencing hearing and in the written judgment entry of sentence the trial court cites to R.C. 2929.13(B).

{¶12} In analyzing the other statutory provisions, the trial court indicated that it had considered the principles and purposes of sentencing set forth in R.C. 2929.11 and found Appellant was not amenable to any available community control sanction. The trial court noted at hearing that Appellant was subject to a mandatory prison sentence and that lesser sanctions would demean the seriousness of the offense. The trial court also noted that a prison term was necessary to punish Appellant and "deter, rehabilitate, and incapacitate the defendant in order to protect the public from future crimes, and would not place an unnecessary burden on governmental resources." (6/26/17 J.E., p. 2.)

{¶13} Although the trial court must be given discretion to conduct a meaningful analysis and make the requisite statutory findings, it does not clearly appear, from the record of this sentencing hearing and the judgment entry, that the trial court conducted the requisite analysis of the matter before imposing Appellant's sentence. We recognize that the seven-year sentence imposed by the trial court is within the statutory range of two to eight years for a second degree felony. However, at the sentencing hearing the trial court mentioned only that Appellant had made a "poor choice" and did not cite to any other factual findings to support the sentence, such as the amount of alcohol imbibed by Appellant (12 beers) or the fact that Appellant was not initially certain that he had collided with the victim's vehicle due to the level of his inebriation, leading to a delay in the arrival of assistance. (6/26/17 Tr., p. 14.) Without a more demonstrable

indication that the trial court found and ruled on additional factors beyond Appellant's "poor choice," we cannot conclude the trial court conducted a meaningful analysis. Additionally, although we have previously remanded matters for *nunc pro tunc* judgment entries to correct clerical errors, because the statutory reference at both the sentencing hearing and in the judgment entry of sentence are both based on the incorrect sentencing statute, this error appears to be more than a mere clerical mistake and so the trial court must also consider Appellant's sentence in light of the appropriate statute. Therefore, we remand the matter for the limited purpose of conducting a new sentencing hearing so that sentence can be imposed in accordance with the relevant felony sentencing statutes consistent with this Opinion.

### Conclusion

{¶14} Based on the foregoing, we sustain Appellant's assignment of error. Accordingly, the judgment of the trial court is reversed in part and the matter is remanded for a limited resentencing based on the appropriate sentencing statutes and containing an indication on the record that those statutes were considered prior to imposing sentence.

Donofrio, J., concurs.

Robb, P.J., concurs.

[Cite as *State v. Kinney*, **2018-Ohio-2785.**]

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio, is reversed in part.  We hereby remand this matter to the trial court for the limited purpose of conducting a new sentencing hearing so that sentence can be imposed in accordance with the relevant felony sentencing statutes and containing an indication on the record that those statutes were considered prior to imposing sentence according to law and consistent with this Court's Opinion.  Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**