[Cite as *State v. Smith*, 2018-Ohio-4562.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

WILLIS SMITH,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0174**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2012 CR 1071

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Affirmed and Modified.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor and
*Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee

*Atty. Timothy Young*, Ohio Public Defender and
*Atty. Nikki Trautman Baszynski*, Assistant State Public Defender, Office of the Ohio
Public Defender, 250 E. Broad Street, Suite 1400, Columbus, Ohio 43215, for
Defendant-Appellant.

Dated: November 9, 2018

---

**WAITE, J.**

{¶1} Appellant Willis Smith appeals a November 9, 2017 Mahoning County Common Pleas Court judgment entry denying his motion to terminate postrelease control. Appellant argues that the trial court's November 6, 2014 sentencing entry stated that he would be subject to "up to" five years of postrelease control. Appellant argues that the phrase "up to" is insufficient to inform him of his postrelease control term. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed. However, we modify the trial court's November 6, 2014 sentencing entry to remove the words "up to" from the postrelease control portion of Appellant's sentence.

Factual and Procedural History

{¶2} On October 31, 2014, a jury convicted Appellant on the sole charged offense of gross sexual imposition, a felony of the third degree in violation of R.C. 2907.05(B), (C)(2). On November 6, 2014, the trial court sentenced Appellant to three years of incarceration. Relevant to this appeal, the trial court imposed a mandatory five-year postrelease control sentence.

{¶3} On September 26, 2017, Appellant was released from prison. On October 2, 2017, Appellant filed a motion to terminate his postrelease control term. He argued that the trial court's advisement of his mandatory five-year postrelease control sentence incorrectly allowed discretion as to the term of years due to the court's use of the words "up to" in its sentencing entry. As he has been released from prison, he sought release from the postrelease control portion of his sentence. On November 9, 2017, the trial court acknowledged that the language in the entry was inaccurate but ruled that it could

not correct its error because Appellant had been released from prison. It is from this entry that Appellant appeals.

ASSIGNMENT OF ERROR

The trial court erred when it denied Mr. Smith's motion to vacate his void postrelease control. *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864; R.C. 2967.28; Judgment Entry (Nov. 6, 2014); Judgment Entry (Nov. 9, 2017); Sentencing Tr. 14.

{¶4} Appellant argues that this Court has previously determined that the use of language when imposing a mandatory term of postrelease control that does not clearly impose a mandatory term is insufficient to adequately inform a defendant of his sentence. See *State v. Paris*, 7th Dist. No. 15 MA 0045, 2016-Ohio-8175; *State v. Ericson*, 7th Dist. No. 09 MA 0109, 2010-Ohio-4315; *State v. Williams*, 7th Dist. No. 09 BE 0011, 2010-Ohio-2702; *State v. Berch*, 7th Dist. No. 08 MA 52, 2009-Ohio-2895; *State v. Jones*, 7th Dist. No. 06 MA 17, 2009-Ohio-794. Appellant concedes that these cases all address the issue of whether the appropriate advisement was given at the sentencing hearing. Appellant also concedes that the trial court properly advised him of his term of postrelease control at his sentencing hearing. However, he urges that this notification must also be correctly included within the sentencing entry pursuant to *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700. In response, the state contends that the trial court's use of the language "up to" in the entry is inconsequential, pursuant to *Grimes*.

{¶5} In relevant part, R.C. 2967.28(B)(1) provides:

(B) Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is an offense of violence and is not a felony sex offense shall include a requirement that the offender be subject to a period of postrelease control imposed by the parole board after the offender's release from imprisonment. * * * [A] period of post-release control required by this division for an offender shall be of one of the following periods:

(1) For a felony of the first degree or for a felony sex offense, five years[.]

**{¶6}** A trial court "is duty-bound to notify [the] offender at the sentencing hearing about postrelease control and to incorporate postrelease control into its sentencing entry." *Grimes, supra,* at ¶ 11, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 22.

**{¶7}** The Ohio Supreme Court has held that the sentencing entry must state:

(1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.

*Grimes, supra,* at ¶ 1.

**{¶8}** At the sentencing hearing, the trial court advised Appellant that he was subject to: "[m]andatory five years post-release control." (Sent. Hrg. Tr., p. 14.) In

relevant part, the trial court's November 6, 2014 sentencing entry stated, "[i]n addition, as part of this sentence, post release control must be imposed up to a maximum period of five (5) years." (11/6/14 J.E.) The parties do not dispute that the trial court's advisement of Appellant's mandatory postrelease control term was proper at the sentencing hearing. The issue, here, is whether the trial court's use of the phrase "up to" five years in its sentencing entry is sufficient.

{¶9} We recently addressed a similar issue in *State v. Zechar*, 7th Dist. No. 17 MA 0111, 2018-Ohio-3731. In *Zechar*, the appellant was properly notified of his mandatory postrelease control term at the sentencing hearing. However, the trial court's judgment entry advised him that he was subject to a postrelease control term "up to a maximum period of five (5) years." *Id.* at ¶ 5. After completing his sentence, the appellant filed a motion to vacate the postrelease control portion of his sentence based on the court's use of the phrase "up to a maximum period of five (5) years." We held that the language sufficiently placed the appellant on notice that he was subject to a mandatory five-year postrelease control term. *Id.* at ¶ 19. We relied on the fact that the sentencing entry contained the phrases "must be placed" and "shall be." *Id.* Although we found that the notification was sufficient, we stated that the words "up to" were unnecessary and inconsistent with the language used at the sentencing hearing and remanded the matter with instructions to issue a *nunc pro tunc* entry to remove the language from the entry. *Id.* at ¶ 21.

{¶10} Here, it is clear that Appellant was notified that his postrelease control term sentence was five years. Although the trial court used the superfluous language "up to" in the sentencing entry, the court also stated that "post release control *must be*

imposed up to a maximum period of five (5) years." (Emphasis added.) (11/6/14 J.E.) The trial court clearly informed him at the sentencing hearing that he would be sentenced to "[m]andatory five years [of] post-release control." (Sent. Hrg. Tr., p. 14.) When this language is read together with the sentencing entry, it is clear that the trial court imposed a mandatory five-year term.

**{¶11}** The sentencing here satisfies *Grimes* and *Zechar* as it conveys the mandatory nature of the term, the length of the term, and provides the consequences for violating postrelease control. Appellant's assignment of error is without merit and is overruled. However, we modify the trial court's November 6, 2014 sentencing entry to remove the unnecessary words "up to" from Appellant's postrelease control sentence.

<u>Conclusion</u>

**{¶12}** Appellant argues that the words "up to" five years was insufficient to notify him that he was ordered to serve a mandatory five-year postrelease control term, despite the fact that he was clearly and appropriately notified at his sentencing hearing. Appellant's argument is without merit. However, we modify the trial court's November 6, 2014 sentencing entry to remove the words "up to" from Appellant's postrelease control sentence.

Donofrio, J., concurs.

Bartlett, J., concurs.

Case No. 17 MA 0174

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  However, we hereby modify the trial court's November 6, 2014 sentencing entry to remove the words "up to" from Appellant's postrelease control sentence.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**