[Cite as *State v. Kinney*, 2019-Ohio-2726.]

# IN THE COURT OF APPEALS OF OHIO

### SEVENTH APPELLATE DISTRICT
### MONROE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

RICHARD LEE KINNEY,

Defendant-Appellant.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 18 MO 0013

---

Criminal Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. 2016-118

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed in part. Limited Remand.

---

*Atty. James L. Peters*, Monroe County Prosecutor, 101 North Main Street, Room 15, P.O. Box 430, Woodsfield, Ohio 43793-0430, for Plaintiff-Appellee, No Brief Filed.

*Atty. Sidney N. Freeman*, McNamara, Demczyk Co., L.P.A., 12370 Cleveland Avenue, N.W., P.O. Box 867, Uniontown, Ohio 44685, for Defendant-Appellant.

*Atty. Matt Fortado*, 1700 W. Market Street, #177, Akron, Ohio 44313, for Defendant-Appellant.

Dated: June 28, 2019

**WAITE, P.J.**

**{¶1}** Appellant Richard Lee Kinney challenges the sentences ordered by the Monroe County Court of Common Pleas following a resentencing hearing on his convictions for aggravated vehicular homicide and two counts of operating a vehicle while intoxicated ("OVI"). Appellant presents two arguments on appeal: (1) the sentences imposed by the trial court are not supported by the record; and (2) the trial court erred in imposing sentences that are not consistent with and proportional to sentences of similar offenders. A review of the record reflects that Appellant's sentences are supported by the record and are not contrary to law.

**{¶2}** Accordingly, Appellant's assignments of error are without merit and are overruled. The judgment of the trial court is affirmed. However, because the record reveals that Appellant was not completely advised at the sentencing hearing or in his sentencing entry as to postrelease control, the matter is again remanded to the trial court, solely to advise Appellant on postrelease control.

Factual and Procedural History

**{¶3}** On March 30, 2016, Appellant was helping a friend excavate. He had his own excavator, towed on a trailer behind his pickup truck. After working, Appellant consumed twelve beers and then elected to drive home in his truck, hauling the excavator. According to the record, although Appellant consumed twelve beers, he felt he was able to drive. The victim, Mary Lu Riley ("Riley"), was driving her vehicle in the opposite direction, toward Appellant, on a two-lane road in Monroe County. Appellant's rig went left of center hitting Riley's car head-on. It is undisputed that Riley subsequently died as

a result of the injuries caused by the collision. Appellant was not immediately aware that he actually hit Riley and initially told police that he "nearly hit an oncoming vehicle." (8/14/18 J.E., p. 3.) Appellant was under the impression that a part of his truck broke off, causing him to lose control of the vehicle. It is not clear from the record how far from the collision Appellant's rig came to a stop or whether he was truly aware he had collided with Riley's vehicle. Riley was pinned in her car and conscious for approximately an hour before help arrived and she was extricated from her vehicle. She died at the hospital some time later. Police performed a field sobriety test on Appellant and then a breathalyzer test. He tested at three times over the legal limit.

{¶4} On April 22, 2016, Appellant was indicted on one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), a felony of the second degree; OVI in violation of R.C. 4511.19(A)(1)(a), a first degree misdemeanor; one count of OVI in violation of R.C. 4511.19(A)(1)(h), a first degree misdemeanor; and one count of failure to control in violation of R.C. 4511.202, a minor misdemeanor. Appellant appeared for arraignment on April 25, 2016 and entered a plea of not guilty. Bond was set and the matter was scheduled for a jury trial.

{¶5} On May 1, 2017, a change of plea hearing was held where Appellant pleaded no contest to one count of aggravated vehicular homicide and two counts of OVI. Appellant was placed under electronically monitored house arrest while awaiting sentencing. A presentence investigation was ordered. On June 26, 2017, a sentencing hearing was held and Appellant was sentenced to a seven-year term of imprisonment for aggravated vehicular homicide and 180 days on each of the OVI counts. These were to run concurrently, however, with the sentence for aggravated vehicular homicide. The

court also ordered a lifetime driving suspension and two days of jail-time credit. Appellant filed a motion for resentencing with the trial court on July 25, 2017, but filed an appeal on July 26, 2017. The trial court denied Appellant's motion on August 3, 2017. Realizing the trial court lacked jurisdiction to issue that judgment, Appellant filed a motion with this Court seeking a partial remand to allow the trial court to consider his motion for resentencing and permit an oral hearing to present evidence. In a judgment entry dated November 3, 2017, we denied Appellant's motion. On November 8, 2017, the state filed a notice that it did not intend to file an appellate brief because as part of the plea agreement it had agreed to remain silent regarding sentencing.

{¶6} On June 29, 2018, we concluded that the record did not reflect that the trial court considered the requisite statutory factors before imposing sentence. Moreover, the trial court cited the incorrect statute at both the sentencing hearing and in the written judgment entry. *State v. Kinney,* 7th Dist. Monroe No. 17 MO 0016, 2018-Ohio-2785. The matter was remanded for a limited resentencing to review the appropriate sentencing statutes. *Id.* at ¶ 14.

{¶7} A resentencing hearing was held on August 14, 2018. The state reiterated at the hearing that it had agreed to remain silent. The prosecutor noted that the victim's family was present and referred the trial court to the victim impact statements from Appellant's first sentencing hearing. Appellant's counsel contended that none of the aggravating factors listed in R.C. 2929.12(B) were present, with the exception of death of the victim, which is an element of the offense of aggravated vehicular homicide. (8/14/18 Tr., p. 8.) Counsel for Appellant also said that there was no evidence in the record that there was a delay in obtaining medical treatment for the victim because of Appellant's

action and that Appellant had remained at the scene. Counsel admitted that the only mitigating factor was that Appellant did not intend to cause the victim's death. (8/14/18 Tr., p. 10.) Counsel stated that none of the recidivism factors listed in R.C. 2929.12(D) applied to Appellant, and that Appellant had no prior criminal record, had shown remorse, and had stopped drinking and maintained his sobriety. (8/14/18 Tr., p. 10.) Counsel then raised the issue of consistency and proportionality in sentencing and referred to computerized research he had undertaken using Summit County statistics. This research indicated that there were only four cases where the offender received a greater sentence than Appellant, and those offenders had prior criminal records. (8/14/18 Tr., p. 11.) Appellant's counsel requested a two-year sentence. Appellant elected not to make a statement at sentencing.

{¶8} The trial court stated at the hearing that it considered the purposes and principles of sentencing set forth in R.C. 2929.11 and R.C. 2929.12:

> Additionally, under 2929.12 of the Revised Code, the Court does have discretion to impose said felony sentence and to determine the most effective way to comply with the purposes and principles set forth in 2929.11 of the Revised Code.

> The Court is to consider the seriousness and recidivism factors that are set forth in 2929.12(B) (C) (D) and (E), and factors in (F) that would pertain to the offender's service in the U. S. Armed Forces, if any, as well as any other factors that the Court deems relevant to achieve the noted purposes and principles of sentencing set forth in 2929.11.

Case No. 18 MO 0013

The Court makes the following findings against this Defendant, as it pertains to the facts of this particular case, and is prepared to order a sentence accordingly.

The Court does find that the physical injuries suffered by Mrs. Riley in this case, who was eighty-five years of age, at the time, was death. She was killed as a result of the crash.

The victim in this case, did nothing to induce or facilitate that offense.

The offender did not act under any provocation.

The Defendant eventually admitted to law enforcement that he did consume twelve beers prior to crashing his motor vehicle, and the trailer he was hauling, head-on into the victim, ultimately killing her.

The Defendant failed field sobriety tests.

His Breathalyzer test revealed a prohibited alcohol content well in excess of the legal limit.

The Court also finds that this Defendant was so intoxicated that he was not certain that he had collided with the victim's vehicle, which led to a critical and ultimately fatal delay in the arrival of assistance.

This Court finds that this Defendant fails to fully accept responsibility for the death of Mrs. Riley as he stated that he was intoxicated but he felt he was okay to drive.

Further, the Defendant made a statement to the Pre-Sentence Report investigator that something broke off his truck causing him to go left of center, ultimately crashing and killing Mrs. Riley.

* * *

This is completely contrary to the Ohio State Highway Patrol's report which indicated that he collided head-on with Mrs. Riley's motor vehicle, killing her.

(8/14/18 Tr., pp. 15-18.)

**{¶9}** The trial court sentenced Appellant to a term of incarceration of seven years for the aggravated vehicular homicide conviction and 180 days each for the two counts of OVI, both to run concurrently to each other and to the aggravated vehicular homicide sentence, for a total stated prison term of seven years. The Court gave Appellant 416 days of credit for time served. The court again imposed the lifetime driver's license suspension.

**{¶10}** Appellant filed this timely appeal.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED, TO THE PREJUDICE OF DEFENDANT, BY IMPOSING A SENTENCE THAT BY CLEAR AND CONVINCING EVIDENCE IS NOT SUPPORTED BY THE RECORD.

{¶11} Appellant contends that the sentence imposed by the trial court is not supported by the record and is therefore contrary to law. Appellant takes issue with nine findings he claims the trial court made in support of the imposition of the seven year sentence: (1) that the victim died; (2) that the victim did nothing to induce or facilitate the offense; (3) there was no provocation; (4) that he admitted to law enforcement he consumed twelve beers prior to causing the accident; (5) his failed sobriety tests and that his Breathalyzer result revealed he was well in excess of the legal limit; (6) that he was so intoxicated he was not certain that he had collided with the victim, which led to a delay in the arrival of assistance; (7) his failure to accept full responsibility for the death of Riley based on his statement that he was not too impaired to drive; (8) his excuse that a portion of his truck broke, which caused him to crash his truck into Riley's vehicle; and (9) that he minimized his conduct, saying that he "nearly collided" with an oncoming vehicle when the evidence demonstrated he hit Riley head-on, causing her death.

{¶12} Pursuant to the Ohio Supreme Court's holding in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.*

{¶13} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty

as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Id* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph one of the syllabus.

**{¶14}** Moreover, a sentence is considered to be contrary to law if: (1) it falls outside of the statutory range for the particular degree of offense; (2) if the trial court failed to properly consider the purposes and principles of felony sentencing as enumerated in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12; or (3) if the trial court orders consecutive sentences and does not make the necessary consecutive sentencing findings. See *State v. Collins,* 7th Dist. Noble No. 15 NO 0429, 2017-Ohio-1264, ¶ 9; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 30.

**{¶15}** Pursuant to R.C. 2929.11, when sentencing a defendant for a felony the trial court should be guided by the overall sentencing principles and purposes including protecting the public from future crime by the offender and punishing the offender using the minimum sanctions deemed necessary to accomplish those purposes without placing an unnecessary burden on state or local government resources. R.C. 2929.11(A). A felony sentence should also be commensurate with, and not demeaning to, the seriousness of the conduct and the impact on any victim, and consistent with sentences imposed for similar crimes by similar offenders. R.C. 2929.11(B).

**{¶16}** R.C. 2929.12(B) provides:

(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant

Case No. 18 MO 0013

factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

(6) The offender's relationship with the victim facilitated the offense.

(7) The offender committed the offense for hire or as a part of an organized criminal activity.

(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

**{¶17}** The sentencing court has discretion in determining the most effective method to comply with the purposes and principles of sentencing. *State v. Rahab,* 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 10. In so doing, the court shall consider the statutory factors regarding seriousness and recidivism enumerated in R.C. 2929.12(B), (C), (D), and (E) as well as any other relevant factor.

**{¶18}** "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King,* 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). "In exercising that discretion a trial court must consider the statutory principles that apply in felony cases, including R.C. 2929.11 and R.C. 2929.12." *State v. McCourt,* 7th Dist. Mahoning No. 16 MA 0144, 2017-Ohio-9371, ¶ 9 citing *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 845 N.E.2d 1, ¶ 38. Moreover, although the trial court must consider the recidivism and seriousness factors set forth in R.C. 2929.11 and R.C. 2929.12, it is not required to discuss the statutory factors on the record. *McCourt* at ¶ 9.

**{¶19}** Appellant was sentenced for aggravated vehicular homicide, in violation of R.C. 2903.06(A)(1)(a), a felony of the second degree, as follows in pertinent part:

(A)  No person, while operating or participating in the operation of a motor vehicle * * * shall cause the death of another * * * in any of the following ways:

(1)(a)  As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance[.]

**{¶20}** Being mindful of the trial court's discretion to impose any sentence within the statutory range without any requirement to make specific findings on the record, we conclude the trial court's imposition of a seven-year sentence for aggravated vehicular homicide is supported by the record.  Appellant complains of the trial court's findings for a number of reasons:  the findings allegedly cannot be gleaned from the record; the court appears to use a mitigating factor as an aggravating factor; the court otherwise improperly utilizes the factors; and the court relies on an element of the offense itself as an aggravating factor.  Findings number 1, 4, and 5 are elements of the offense according to Appellant, and should not have been considered by the court in sentencing.  These involve the court's discussion that Appellant caused physical injury to the victim that was so substantial the victim died, and that the death was caused by Appellant's intoxication when operating his vehicle.  We note that Appellant is correct that causing the death of another while operating a motor vehicle when intoxicated are elements of his offense.  Mere mention of these facts does not reflect that the trial court considered them as

Case No. 18 MO 0013

"factors" in sentencing. The record clearly indicates that the trial court considered all of the surrounding facts and circumstances of the case, including Appellant's initial indication that he was not too impaired to drive despite imbibing twelve beers, and his original assertion that it was some malfunction of his vehicle (and not his decision to drive while impaired) that ultimately caused Riley's death. That the trial court discussed the fact that Riley died from her injuries does not, in itself, render the other pertinent findings moot.

{¶21} Appellant further contends that findings 2 and 3, that Riley did nothing to facilitate the offense and that Appellant did not act under provocation, are listed under R.C. 2929.12(C), which relates to factors that indicate the offender's conduct was less serious than conduct normally constituting the offense. This is an accurate statement, however, the trial court is charged with considering all factors under R.C. 2929.11 and R.C. 2929.12. These factors, which would lessen the seriousness of Appellant's conduct, are present. Logically, the trial court's mention of them appears to support the court's determination that the maximum sentence was not warranted.

{¶22} Findings 7, 8 and 9 cited by Appellant indicate the trial court concluded that Appellant did not show remorse for his conduct. The statements relied on by the trial court were included in the presentence investigation report. Appellant told a probation officer that, while he was intoxicated, he believed he was able to drive. Appellant contends that this statement does not reflect he was not remorseful, and asserts that a better indicator of remorse is the fact that he has been sober since the offense occurred. The trial court noted that Appellant blamed his faulty vehicle for the incident rather than his own conduct, which demonstrated a lack of remorse. Appellant contends this belief

on his part does not mean he was not remorseful. During discovery, photographs were produced showing that the opposite side of his truck from the side that collided with Riley suffered a broken wheel assembly. Hence, he maintains that while this actually caused his truck to strike Riley's car, this contention also does not reflect lack of remorse for her death. As an aside, there is no evidence in the record to show when this malfunction occurred, whether before the accident or as a result of it. The accident report cited by the trial court concluded that Riley's vehicle was struck head-on by Appellant's truck, leading to her death. Appellant does not disagree that the statement in the presentence report that he said he "nearly hit" an oncoming vehicle rather than acknowledging that he hit Riley head-on was made by him. Like the other statements of which he complains, Appellant does not contend these are false or were not made by him. Instead, he contends they were misconstrued by the trial court as a failure to show remorse.

**{¶23}** We conclude that the trial court did not err when it found Appellant's statements indicated a lack of remorse. Attempting to blame a malfunction of his vehicle, and not the fact that he was driving a large truck with an excavator attached after consuming twelve beers, does appear to indicate Appellant refuses to accept responsibility for his actions in causing this loss of life. Additionally, Appellant's comment at the scene that he "nearly hit" another vehicle can also be construed as a lack of responsibility or remorse for his conduct.

**{¶24}** The final factor which Appellant challenges is that the trial court indicated that Appellant was not certain he actually hit another vehicle and, as such, did not respond in a timely fashion which led to a delay in obtaining assistance for Riley. Appellant contends it was Riley's granddaughter who discussed a delay in care in her statement

Case No. 18 MO 0013

and that she was not a witness to the accident. He argues that the information was inaccurate and should not have been relied on by the trial court. A review of the record reflects that at the first sentencing hearing, a victim advocate read a statement written by Riley's daughter-in-law. The daughter-in-law was present at the scene and sat in the back seat of Riley's vehicle to attempt to comfort Riley while she was conscious and pinned into her vehicle. In this statement, there is a reference to the length of time Riley was trapped in her car:

> When we arrived at the accident scene, we all feared the worst due to the extent of the accident. She was pinned behind the dash for over an hour.
>
> But we never lost faith that she might survive.
>
> I got in the back seat of her car and held her hand and talked to her while she was trapped.
>
> She told me she knew there was a wreck. She wanted someone to get her out. Her back was hurting. She was thirsty.
>
> She was awake and alert the whole time and knew what was going on.

(6/26/17 Tr., p. 8.)

{¶25} Riley's granddaughter also wrote a statement that was read into the record:

> I try not to think about grandma in her little Pontiac Vibe getting hit by that huge F-250 truck.

I try not to think about grandma pinned in her car for over an hour.

I try not to think about how [Appellant] didn't tell anyone about her car down the road or didn't even realize he hit grandma, delaying help getting to her.

(6/26/17 Tr., p. 14.)

{¶26} Victims are entitled to testify about the impact an offense has had on them or their family. *State v. DuBose,* 7th Dist. Mahoning No. 00 C.A. 60, 2002-Ohio-3020, ¶ 97 citing *State v. Treesh,* 90 Ohio St.3d 460, 487, 739 N.E.2d 749 (2001). This evidence may be presented by means of a prepared statement by the victim that includes a description of any physical injury resulting from the offense as well as the degree of permanence of the suffering which resulted from the offense. R.C. 2947.051(B). The trial court was certainly permitted to consider the victim impact statements in this matter when taking into consideration the purposes and principles of sentencing. While perhaps not artfully discussed, it appears the trial court was referring to the length of time the victim was trapped in her car when discussing a delay in medical treatment. This is certainly a relevant consideration, and is directly attributable to the actions of Appellant when he struck the victim's automobile as they relate to the strength and manner of impact.

{¶27} In sentencing Appellant, the trial court did note some of the statements from the victims, particularly the level of suffering of the victim for an extended period of time. The trial court also relied on other relevant evidence, including Appellant's own statements regarding the amount of alcohol he imbibed while insisting he was able to drive and that he "nearly hit" the victim's vehicle rather than acknowledging that he hit the victim head-on causing her death. Moreover, at the sentencing hearing and in the

Case No. 18 MO 0013

judgment entry the trial court specifically stated that R.C. 2929.11 and R.C. 2929.12 as well as the overriding purposes, principles and factors of sentencing were considered in determining the appropriate sentence. (8/14/18 Tr., p. 14.); (8/14/18 J.E.) As noted, these statutes set forth the purposes and principles of sentencing as well as a nonexhaustive list of recidivism and seriousness factors. This record reflects that the trial court appropriately considered several factors, relating to both mitigation and seriousness, in determining Appellant's sentence, and that the trial court's sentence is supported by the evidence in the record and is not contrary to law.

{¶28} Appellant's first assignment of error is without merit and is overruled.

ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED, TO THE PREJUDICE OF DEFENDANT, IN IMPOSING A SENTENCE THAT WAS NOT PROPORTIONAL TO THE SENTENCES OF SIMILAR OFFENDERS AS REQUIRED BY R.C. SECTION 2929.11.

{¶29} Appellant concedes in his brief that arguments relating to proportionality and consistency must first be raised in the trial court. In *State v. Williams,* 7th Dist. Mahoning No. 11 MA 131, 2012-Ohio-6277, ¶ 77, we held, "a disproportionality argument must be raised in the trial court and the defendant must present some evidence to the trial court for analysis in order to preserve the issue for appeal." Appellant did not raise this issue to the trial court before filing his direct appeal. Instead, Appellant attempted to evade waiver of this issue by filing a motion with this Court seeking a limited remand to belatedly present those arguments to the trial court. As we stated in our judgment entry overruling

Case No. 18 MO 0013

this motion, "Appellant essentially asks us to peremptorily rule in his favor in this appeal and allow the trial court to change the sentence based on arguments that have not yet been presented on appeal." (11/6/17 J.E.) We concluded that Appellant could not properly avail himself of a second opportunity at an argument that he failed to raise at trial. Thus, on direct appeal we did not address Appellant's consistency and proportionality arguments presented to us for the first time.

{¶30} This matter is currently before us following limited remand for resentencing solely to allow a meaningful consideration of the requisite sentencing statutes. Appellant's counsel made lengthy arguments relative to consistency and proportionality at the resentencing hearing. Appellant was once again sentenced to a total term of seven years. Appellant's arguments regarding consistency and proportionality should have been presented to the trial court at his original sentencing. To the extent Appellant's argument in this regard relates to the factors found in the sentencing statutes, a review of this record, as discussed in our analysis of Appellant's first assignment of error, demonstrates that the trial court appropriately weighed the purposes and principles of R.C. 2929.11 and the seriousness and recidivism factors found in R.C. 2929.12. Appellant was subject to a maximum term of eight years for aggravated vehicular homicide. The state made no sentencing recommendation and the trial court noted Appellant's lack of a criminal record when it imposed the seven year prison sentence. Appellant's sentence was within the range for a felony of the second degree pursuant to the version of R.C. 2929.14(A)(2) in effect at the time of sentencing. This record reveals no merit in Appellant's assignment of error regarding consistency and proportionality of his sentence. Appellant's second assignment of error is without merit and is overruled.

Case No. 18 MO 0013

Postrelease Control

**{¶31}** Although not raised by Appellant, we must address the trial court's advisement of postrelease control made at Appellant's resentencing hearing. A trial court "is duty-bound to notify [the] offender at the sentencing hearing about postrelease control and to incorporate postrelease control into its sentencing entry." *State v. Grimes,* 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 11, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 22. The sentencing court must notify the offender that he "will" or "may" "be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced" for a felony. R.C. 2929.19(B)(2)(c) and (d). If, as here, the offender has been convicted of a felony subject to mandatory postrelease control, the offender "will" be supervised. R.C. 2929.19(B)(2)(c) and 2967.28(B). The specific term of supervision for each degree of felony is enumerated in R.C. 2967.28(B) and (C). Additionally, at the sentencing hearing the trial court must notify the offender that if he "violates that supervision * * *, the parole board may impose a prison term, as part of the sentence, of up to one-half of the definite prison term originally imposed upon the offender." R.C. 2929.19(B)(2)(f).

**{¶32}** "Statutorily compliant notification" includes "notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18. This includes whether postrelease control is discretionary or mandatory and the term of the supervision. *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 12. The sentencing court must also incorporate these advisements into the written sentencing

entry. *State v. Smith,* 7th Dist. Mahoning No. 17 MA 0174, 2018-Ohio-4562, ¶ 4 citing *Grimes,* at ¶ 11.

**{¶33}** Along with the two misdemeanor OVI convictions, Appellant was convicted of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), a second degree felony. The version of R.C. 2967.28(B)(2) applicable at the time of sentencing provides, in pertinent part:

> (B) Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is an offense of violence and is not a felony sex offense shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. * * * [A] period of post-release control required by this division for an offender shall be one of the following periods:
>
> (2) For a felony of the second degree that is not a felony sex offense, three years[.]

**{¶34}** At the sentencing hearing the trial court stated the following:

> You are reminded as you were told at least twice before, Mr. Kinney, that this felony two offense carries a mandatory Post Release Control period.

Case No. 18 MO 0013

When you are released from serving any prison sentence, you will be placed by the Parole Board on Post Release Control and they will supervise you.

If you fail to abide by the terms and conditions of your Post Release Control, if you violate the terms and conditions of your Post Release Control, the Parole Board does have the ability to sentence you to an additional prison term for violating, and if you would violate by committing a new felony, any sentence that you receive for that new felony could be run consecutive to any sentence for the violation of the Post Release Control.

Again, the felony two offense for which we're here this afternoon does carry a mandatory period of Post Release Control whereby you will be supervised.

(8/14/18 Tr., p. 19.)

**{¶35}** The written judgment entry of sentence reads, in pertinent part:

In open court, Defendant was advised of the Post-Release Control requirements pursuant to the following felony sentence:

**For a Felony of the 2nd degree:   MANDATORY POST-RELEASE CONTROL FOR 3 YEARS**

-If a period of supervision is imposed following Defendant's release from prison, and if Defendant violates that supervision, the Parole Board **may**

<u>Case No. 18 MO 0013</u>

**administratively impose a prison term as part of Defendant's sentence,** up to one-half of the stated prison term originally imposed upon Defendant.

-In addition, **if Defendant commits a felony while under Post-Release Control,** upon conviction, the Court *__shall__* **impose a sentence for the new felony** *and* the Court *__may__* **impose a prison term for the violation.** (The prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the Adult Parole Authority

-The **maximum prison term for the violation** shall be either the **maximum period of Post-Release Control** minus the time Defendant spent on Post-Release Control, *__or__* **twelve (12) months *__whichever is greater.__***

**-Any prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony.**

-A prison term imposed for the violation, and a prison term imposed for the new felony shall not count as, or be credited toward the remaining period of Post-Release Control imposed for the earlier felony. (Emphasis in original.)

(8/14/18 J.E., pp. 5-6.)

{¶36} With the exception of use of the qualifier "if" at the beginning of the third paragraph when discussing imposition of postrelease control, the language in the written sentencing entry would comply with R.C. 2967.28 and *Grimes, supra.*

Case No. 18 MO 0013

**{¶37}** However, the trial court's advisement at the sentencing hearing is more problematic. The Ohio Supreme Court has said that "our main focus in interpreting the sentencing statutes regarding postrelease control has always been on the notification itself and not on the sentencing entry." *Qualls*, at ¶ 19. Further, "we have deemed the 'preeminant purpose' of R.C. 2967.28 to be that 'offenders subject to postrelease control know *at sentencing* that their liberty could continue to be restrained after serving their initial sentences.'" (Emphasis in original.) *Grimes,* at ¶ 14, quoting *Watkins v. Collins,* 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶ 52. While *Grimes* was released contemporaneously with Appellant's original sentencing, the trial court's advisement at the resentencing hearing does not comply with the notifications now required by *Grimes.*

**{¶38}** While the trial court correctly observed that Appellant was advised "at least twice before" regarding the issue, (8/14/18 Tr., p. 19), this matter was before the court for resentencing. Although the remand was limited in nature with respect to review the appropriate sentencing statutues, this does not obviate the trial court's requirement to fully inform Appellant regarding postrelease control. On resentencing the trial court failed to inform Appellant of the three-year duration of the mandatory postrelease control and failed to inform Appellant at the hearing that any sentence imposed for violation of postrelease control shall not exceed one-half of the stated prison term originally imposed on Appellant. Appellant was also not properly advised at the sentencing hearing that his "liberty could continue to be restrained" after serving his initial sentence. *Watkins*, at ¶ 52. Therefore, this matter is remanded solely for the limited purpose of properly advising Appellant on postrelease control.

Conclusion

Case No. 18 MO 0013

{¶39} Appellant alleges in his first assignment of error that imposition of a less than maximum sentence for his conviction was not supported by the record. A review of the record shows that the trial court considered the principles and purposes of sentencing, including factors relative to seriousness and recidivism, prior to imposing sentence and that the sentence is supported by law and by the record. In his second assignment of error Appellant contends that the trial court's sentence is not proportional. This issue was not raised in Appellant's original sentencing. To the extent that it may be a factor in resentencing, the record does not support this contention. Accordingly, Appellant's assignments of error are without merit and are overruled. However, a review of the transcript reveals that Appellant was not fully advised regarding postrelease control at the sentencing hearing. Moreover, the written sentencing entry is not entirely clear that postrelease control is mandatory for this offense. Therefore, the matter is remanded for the limited purpose of allowing the trial court to properly advise Appellant on postrelease control.

Robb, J., concurs.

D'Apolito, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio, is affirmed.  Because a review of the record reveals that Appellant was not properly advised at the sentencing hearing as to postrelease control and the written sentencing entry is not entirely clear that postrelease control is mandatory for this offense, this matter is remanded for the limited purpose of allowing the trial court to properly advise Appellant on postrelease control.  Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**NOTICE TO COUNSEL**

**This document constitutes a final judgment entry.**