[Cite as *State v. Bailey*, 2019-Ohio-4746.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DAVID LEE BAILEY, JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 BE 0052**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 18 CR 172

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed in part. Reversed in part and Remanded.

---

*Atty. Dan Fry*, Belmont County Prosecutor, and *Atty. Scott Lloyd,* Assistant Prosecutor, 147-A West Main Street, St. Clairsville, Ohio 43950, for Plaintiff-Appellee and

*Atty. R. Aaron Miller,* Aaron Miller Law Offices, LLC, 329 North Fourth Street, Steubenville, Ohio 43952, for Defendant-Appellant.

Dated: November 12, 2019

————————————

**D'Apolito, J.**

{¶1}   Appellant David Lee Bailey, Jr. appeals his conviction by the Belmont County Court of Common Pleas for one count of attempted felonious assault, in violation of R.C. 2903.11(A)(1) and 2923.02(A), a felony of the third degree.  Appellant advances two assignment of error, which initially appear to solely challenge the validity of his plea. First, Appellant argues that the trial court failed to adequately advise him at the plea hearing of the mandatory three-year term of postrelease control to be imposed following the completion of his sentence. However, the substance of Appellant's first assignment of error advocates remand for a limited resentencing hearing on the issue of postrelease control.  Second, Appellant contends that he was not informed that he was waiving his constitutional right to the presumption of innocence throughout a trial.  For the following reasons, we find that Appellant's plea was knowingly, intelligently, and voluntarily entered, but remand this matter for a limited resentencing hearing for notice regarding the imposition of postrelease control.

## FACTS AND PROCEDURAL HISTORY

{¶2}   Appellant has a history of alcoholism and spousal abuse.  His criminal history includes two convictions for operating a motor vehicle while intoxicated, as well as misdemeanor convictions for disorderly conduct and resisting arrest.  His conviction in the above-captioned appeal is the direct consequence of an alcohol-fueled attack on his wife, during which he fractured her jaw.  When police officers arrived, Appellant violently resisted arrest.  He swung his fists and kicked as police officers attempted to subdue him. Appellant struck one police officer in the head.

{¶3}   On October 9, 2018, Appellant executed a waiver of indictment and entered a guilty plea to a bill of information charging him with one count of attempted felonious assault.  On November 5, 2018, the trial court imposed a sentence of three years, the maximum term of incarceration for a third-degree felony.  No restitution was ordered nor fine imposed.  This timely appeal followed.

Case No. 18 BE 0052

**ASSIGNMENT OF ERROR NO. 1**

**THE TRIAL COURT ERRED BY ACCEPTING A PLEA THAT WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERED.**

{¶4}   Before a trial court may accept a guilty plea, the trial court must inform the defendant of five constitutional rights, as well as determine that the defendant understands that he is waiving each right as a consequence of his plea.   *State v. Rowbotham*, 173 Ohio App.3d 642, 2007-Ohio-6227, 879 N.E.2d 856, ¶ 7 (7th Dist.), citing *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph one of the syllabus.   The trial court must strictly comply with the notice requirement relating to the defendant's constitutional rights. *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 15, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18.  The constitutional rights are succinctly provided in Crim. R. 11(C)(2)(c):

> The rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶5}   The trial court is further obligated to notify the defendant of his nonconstitutional rights. The Ohio Supreme Court has recognized that notice of postrelease control falls within a defendant's nonconstitutional rights. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 19-26. The court's colloquy regarding nonconstitutional rights is reviewed for substantial compliance. *Rowbotham*, *supra*, at ¶ 18.

{¶6}   Under the substantial-compliance standard, we review the totality of circumstances surrounding the defendant's plea in order to determine whether he subjectively understood the effect of his plea.  *Sarkozy*, supra, at ¶ 20.  If the trial court completely neglects to advise a defendant of a nonconstitutional right, the plea is vacated without a prejudice analysis. *State v. Cruz-Ramos*, 2019-Ohio-779, -- N.E.3d -- (7th Dist.), citing *Sarkozy* at ¶ 22, 25. If the trial court partially complies with the rule, the plea will

only be vacated when prejudice is shown. *Id.* citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32. In order to establish prejudice, the defendant must show that the plea would not have been otherwise entered. *State v. Cologie*, 7th Dist. Belmont No. 17 BE 0009, 2017-Ohio-9217, ¶ 11, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 15; *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶7}** At the plea hearing in the above-captioned case, the trial court inquired, "Do you understand the Parole Board can require you to spend an additional three years under their supervision once you are released from prison?" (Plea Hrg., p. 7). The term "can" suggests that the imposition of postrelease control is discretionary, when, in fact, a third degree felony that is an offense of violence results in a mandatory three-year term of supervised release. R.C. 2967.28(B)(3).

**{¶8}** We recently addressed a partial notice of postrelease control at a plea hearing in *State v. Howell*, 7th Dist. Monroe No. 17 MO 0018, 2019-Ohio-1806. In that case, the trial court failed to specify the number of years that Howell would be subject to postrelease control and the consequences of a postrelease control violation. We opined:

> The trial court clearly raised the issue of postrelease control. While it appears the trial court's discussion of this matter falls short, we need not reach the issue of whether the trial court's advisement regarding postrelease control rose to the level of substantial compliance with the Crim.R. 11 requirements because Appellant has not alleged any claim of prejudice and a review of this record does not reveal any possible prejudice.

*Id.* at ¶ 10.

**{¶9}** Like Howell, Appellant has not demonstrated nor even alleged any prejudice. In the absence of a demonstration of prejudice, we are without authority to invalidate Appellant's plea.

**{¶10}** Significantly, the body of Appellant's first assignment of error challenges his sentence rather than his plea as it relates to postrelease control. Appellant writes, "While the Appellant realizes that such notification requirement does not render the plea or

sentence void, the error remains." (Appellant's Brf., p. 6). Next, Appellant cites R.C. 2929.191(A)(1) for the proposition that the trial court may prepare and issue a correction to the judgment of conviction that includes a correct statement regarding postrelease control. The final sentence in Appellant's first assignment of error reads, "Thus, the error exists and the *sentence* of the Appellant must be remanded for correction regarding the matter of postrelease control." (Emphasis added.)(Appellant's Brf., p. 7).

{¶11} A trial court is obligated to notify an offender at the sentencing hearing about postrelease control and to incorporate postrelease control into its sentencing entry. *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 11, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 22. "Statutorily compliant notification" includes "notifying the defendant of the details of the postrelease control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18. This includes notice that postrelease control is discretionary or mandatory, and the duration of the term of the supervision. *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 12.

{¶12} In other words, the sentencing court must notify the offender that he "will" or "may" be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony. R.C. 2929.19(B)(2)(c) and (d). Where, as here, the offender has been convicted of a felony subject to mandatory postrelease control, the trial court must notify the offender that he "will" be supervised. R.C. 2929.19(B)(2)(c) and 2967.28(B). *State v. Kinney*, 7th Dist. Monroe No. 18 MO 0013, 2019-Ohio-2726, ¶ 31.

{¶13} In addition to the colloquy at the sentencing hearing, the sentencing court must also incorporate the notice into the written sentencing entry. *State v. Smith*, 7th Dist. Mahoning No. 17 MA 0174, 2018-Ohio-4562, ¶ 4 citing *Grimes*, at ¶ 11. To validly impose postrelease control when the court orally provides all the required advisements at the sentencing hearing, the sentencing entry must contain the following information:

> (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender

of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.

*Kinney, supra*, at ¶ 31-32, *State v. Bunn*, 7th Dist. Mahoning No. 17 MA 0125, 2019-Ohio-2703, ¶ 16, citing *Grimes*, at ¶ 1.

**{¶14}** At the sentencing hearing, the trial court stated, "As part of defendant's sentence, upon completion of the prison term, he shall be subject to a further period of supervision under post release control for up to three years." (11/5/18 Sent. Hrg., p. 6.) The November 7, 2019 sentencing entry reads, in pertinent part, "As part of the defendant's sentence in this case, and pursuant to R.C. 2967.28, upon completion of the prison term, **offender shall be subject to a further period of supervision under Post-Release Control for up to Three (3) Years**." (Emphasis in original.)(11/7/19 J.E., p. 2.)

**{¶15}** On July 11, 2006, R.C. 2929.191 was enacted to address the ongoing problems with postrelease control notifications. It provides an ameliorative procedure where a judge fails to impose statutorily mandated postrelease control and the defendant has yet to complete his or her sentence. R.C. 2929.191, which is prospectively applied, provides that:

> A court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically

present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction.

{¶16} When an appellate court concludes that a sentence imposed by a trial court is void in part, only the portion that is void may be vacated or otherwise amended. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 28. The *Fischer* Court held that the new sentencing hearing to which an offender is entitled is limited to proper imposition of postrelease control. *Id.,* paragraph two of the syllabus.

{¶17} In *State v. Zechar*, 7th Dist. Mahoning No. 17 MA 0111, 2018-Ohio-3731, this Court held that the use of the phrase "up to" preceding a mandatory term of postrelease control in the sentencing entry was "unnecessary," but that it did not "negate that the trial court informed Appellant of the mandatory nature of his postrelease control at the sentencing hearing (using the term "mandatory") as well as in the sentencing entry (using the terms "shall be")." *Id.* at ¶ 16. Despite finding that the portion of the sentence regarding postrelease control was not void, this Court remanded the matter for a nunc pro tunc order removing the phrase "up to." *Id.* at ¶ 21; see *also State v. Smith*, 7th Dist. Mahoning No. 17 MA 0174, 2018-Ohio-4562.

{¶18} The trial court in this case used the phrase "up to" at both the sentencing hearing and in the written sentencing entry. The Ohio Supreme Court has observed that "[its] main focus in interpreting the sentencing statutes regarding postrelease control has always been on the notification itself and not on the sentencing entry." *Qualls*, at ¶ 19. Further, the Supreme Court has "deemed the 'preeminant purpose' of R.C. 2967.28 to be that 'offenders subject to postrelease control know at sentencing that their liberty could continue to be restrained after serving their initial sentences.' " *Grimes*, at ¶ 14, quoting *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶ 52. Accordingly, we find that Appellant's first assignment or error, as it relates to his plea colloquy, has no merit, but is meritorious as it relates to that portion of his sentence imposing postrelease control. Therefore, we find that this matter must be remanded to the trial court for a limited resentencing hearing for the proper imposition of postrelease control and the issuance of a new sentencing entry.

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED BY FAILING TO FULLY NOTIFY APPELLANT OF HIS RIGHT PURSUANT TO CRIMINAL RULE 11, OHIO RULES OF CRIMINAL PORCEDURE AND THE UNITED STATES CONSTITUTION. THEREFORE, THE DEFENDANT DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTER SAID PLEA.**

{¶19} In his second assignment of error, Appellant contends that he was not notified of his constitutional right "to be presumed innocent until the State of Ohio proved each and every element of the offense charged beyond a reasonable doubt." (Appellant's Brf., p. 7.) Appellant cites *State v. Owens,* 6th Dist. Wood No. WD-00-004, 98-CR-226, 2000 WL 1232426, in which the Sixth District summarized the trial court's plea colloquy as follows: "The trial court reviewed the constitutional rights appellant was waiving by entering a guilty plea including: the presumption of innocence." *Id.* at *3.

{¶20} During the plea colloquy, the trial court inquired, "Do you understand by pleading guilty you give up the right * * * to have the State prove your guilt beyond a reasonable doubt * * *?" Appellant responded, "Yes, sir." (Plea Hrg., p. 5-6.) The trial court parroted the Crim. R. 11 language verbatim, and, therefore, the trial court strictly complied with the notice requirement for the waiver of the constitutional right at issue here. Accordingly, we find that Appellant's second assignment of error is meritless.

## CONCLUSION

{¶21} In summary, we find that Appellant has failed to demonstrate that he would not have entered his plea but for the trial court's misstatement of the mandatory term of postrelease control. Further, Appellant was properly notified of his constitutional right to have his guilt proved beyond a reasonable doubt. However, the trial court failed to inform Appellant of the actual length of the term of postrelease control at the sentencing hearing and in the sentencing entry. Therefore, we find that Appellant's plea was knowingly, intelligently, and voluntarily entered, but we reverse the judgment entry solely on the issue

of postrelease control and remand this matter for a new sentencing hearing limited to the proper imposition of postrelease control and the issuance of a new sentencing entry.


Donofrio, J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, we affirm in part, finding that Appellant's plea was knowingly, intelligently, and voluntarily entered. We reverse the judgment entry solely on the issue of postrelease control and remand this matter for a new sentencing hearing limited to the proper imposition of postrelease control and the issuance of a new sentencing entry. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**